CHARLES HUBERT GUINN, *alias* CHARLES HUBERT QUINN V. STATE

No. 28,269. April 25, 1956.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) May 9, 1956.

*C. C. Divine,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady, Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Upon his plea of guilty before the court, appellant was convicted of the offense of burglary and assessed punishment at five years in the penitentiary.

Imposition of sentence was by the trial court deferred and appellant was placed upon probation under the terms of the Adult Probation and Parole Law, Art. 781b, V.A.C.C.P.

This is an appeal from an order revoking such probation and imposition of sentence under the judgment of conviction.

The statement of facts appearing in the record is shown to have been filed in the trial court after the ninety-day period allowed by Art. 759a, sec. V.A.C.C.P., and therefore cannot be considered. White v. State, 254 S.W. 2d 129; and Staley v. State, 276 S.W. 2d 278.

In the absence of a statement of facts, we are unable to pass upon appellant's contention that the evidence was insufficient to authorize the court to revoke the probation—Lynch v. State, 159 Tex. Cr. R. 267, 263 S.W. 2d 158; nor the appellant's complaint to the action of the court in overruling his motion for continuance. Barnes v. State, 159 Tex. Cr. R. 78, 261 S.W. 2d 597.

Appellant contends that the judgment of probation did not

sufficiently specify the condition upon which the probation was granted.

The judgment ordered appellant released upon probation upon the following terms:

"Terms Probation 1. Not to violate the law of this or any other State of the United States."

The term of probation fixed in the judgment was sufficient under Section 3 of Art. 781b, supra, which authorizes the court to determine the terms and conditions of probation and provides that they may include that the probationer shall: (a) Commit no offense against the laws of this or any other state or the United States.

Appellant, for the first time on appeal, contends that the state's motion to revoke the probation did not sufficiently allege how, when or where he had violated the law. The appellant, having failed to question the sufficiency of the motion in the trial court, is in no position to urge such contention on appeal.

The judgment of the trial court is affirmed.

Opinion approved by the Court.