**Theodore Alexander HORMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40978.**

Court of Criminal Appeals of Texas.

Jan. 24, 1968.

M. Gabriel Nahas, Jr., George Ellis, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Ted Nirtz, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

Upon his plea of guilty to the offense of driving a motor vehicle upon a public highway while intoxicated, appellant was on June 14, 1966, found guilty and his punishment was assessed by the court at 20 days in jail and a fine of $100.00.

No judgment was entered, the court having granted appellant's application for probation, and he was placed on probation for a period of one year. (Art. 42.13 Vernon's Ann.C.C.P.)

The conditions of such probation required by Section 5 of said Art. 42.13 were imposed, one being that appellant "commit no

**318**

offense against the laws of this or any other state or the United States."

Upon application of the state, the court caused the arrest of appellant (Sec. 6(a) of Art. 42.13, supra) and on May 16, 1967, after hearing, found that he had violated said term of his probation.

We find no merit in the contention that it was incumbent upon the state to offer as an exhibit the order made by the same judge in the same court finding appellant guilty; assessing his punishment and placing him on probation, and showing the conditions imposed.

Under such facts the judge could take judicial notice of such order and no proof thereof was required. Baker v. State, 79 Tex.Cr.R. 510, 187 S.W. 949; Armstrong v. State, 120 Tex.Cr.R. 526, 46 S.W.2d 987; 23 Tex.Jur.2d 47, Evidence—Sec. 27.

The serious question presented is whether the trial court abused his discretion in revoking probation upon the evidence adduced at the hearing on the state's motion to revoke.

The state's motion, upon which the court directed the arrest of appellant and conducted the hearing, alleged that appellant violated the condition that he "commit no offense against the laws of this or any other state or the United States" in that he "was arrested on April 4, 1967, for suspicion of Driving While Intoxicated. He was involved in a minor accident Case U–94607 and placed in Harris County Jail."

It is apparent that this was not an allegation that appellant committed an offense against the laws but rather an allegation that he was arrested on suspicion of driving while intoxicated. Also the record reflects that no competent evidence was offered at the hearing showing that appellant did drive his motor vehicle on a public highway while intoxicated.

It follows that the trial court abused his discretion in revoking probation on the state's motion and the evidence adduced in support thereof. See Padillo v. State, Tex. Cr.App., 420 S.W.2d 712.

The order revoking probation is reversed.