George Edward GAMBLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 45659.

Court of Criminal Appeals of Texas.

Sept. 25, 1972.

Bob W. Robertson, John R. Coe, Houston (court appointed), for appellant.

James C. Brough, Dist. Atty., and James C. Larkin, Jr., Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On April 19, 1968, the appellant waived trial by jury and entered a plea of guilty before the court to the offense of burglary with intent to commit theft. The punishment was assessed at seven years, but the imposition of the sentence was suspended and the appellant was placed on probation, subject to certain conditions and terms of probation. Among such conditions was the requirement that he "(a) [c]ommit no offense against the laws of this or any other State or the United States; (b) [a]void injurious or vicious habits (including use of narcotics or habit-forming drugs and alcoholic beverages); . . ." and, beginning June 1, 1968, pay to the Adult

Probation Department of Harris County, Texas, the probation supervision fee in the sum of $100.00 at a rate of not less than $10.00 per month.

■ After several previous motions were filed, the State, on August 13, 1971, filed what apparently was the second amended motion to revoke probation. Said motion alleged, without further details or description, that the appellant committed "the offense of Felony Theft in Harris County, Texas," "on or about February 10, 1970," "committed the offense of Felony Theft in Harris County, Texas," "on or about February 21, 1971."[1] It also alleged he was $60.00 in arrears of the supervisory payment fees; that "on or about the 23rd day of February, 1971" the appellant resisted arrest and committed "the offense of aggravated assault by Motor Vehicle"; "felony malicious mischief" and driving without a driver's license. Said motion further alleged that at the time of his arrest on February 23, 1971, he had fresh needle marks on his arms and was under the influence of narcotic or habit forming drugs.

On September 2, 1971, the court conducted a hearing on the said motion. At the outset the court struck from the motion the allegation as to the use of narcotics. During the hearing after the testimony of the probation officer, the court decided not to consider the allegation as to failure to pay the supervisory fee.

Herbert J. Williams, after his attention was called "to on or about February 15, 1970" testified that he was the owner of a blue 1966 Chevelle Super Sport with license number PZV 641 and "on that date" his automobile with a value of over $50.00 was taken from a parking lot without his consent while he was at a hospital visiting his mother. He related that the automobile was returned "about two or three days later" by the police who found the car. The car had been wrecked or damaged.

R. A. Jennings, Houston city police officer, testified he was so employed "on February 12, 1971" and that he had occasion to be called "to 1101 Sumner" at 5:00 a. m. and there he saw a blue, 1966 Malibu Chevelle, which appeared to have been in a wreck. The car bore license number PZV 641. The appellant was under the wheel and the passenger was identified as one Robert Butler. Both men were arrested.

Lester Lewis, Deputy Constable of Liberty County, testified that on February 23, 1971, he identified himself to the appellant at a garage three miles from Dayton and served some traffic arrest warrants upon him, at which time appellant ran to his truck. Lewis blocked one entrance, but the appellant left by another exit and a 53 mile chase ensued. Lewis called for assistance and a roadblock was set up, but the appellant ran the roadblock and the chase continued. When Officer Morgan of the Humble Police Department was blocked in trying to pass the appellant, Lewis attempted to pass on the other side. The appellant then swung his truck into Lewis' vehicle, knocking it into a ditch, causing over $500.00 in damages to the vehicle. Appellant's own vehicle spun across the highway and stopped. At this time Lewis placed the appellant under arrest after overcoming his resistance. Charges of driving on the wrong side of the road, speeding, assault with a motor vehicle and resisting arrest were filed on the appellant.

---

1. The allegations of a violation of probationary conditions need not be as precise as that of an indictment, but should give fair notice and allege a violation of the law if that is the basis for revocation. Campbell v. State, 456 S.W.2d 918 (Tex. Cr.App.1970) ; Jansson v. State, 473 S.W.2d 40 (Tex.Cr.App.1971). In the case at bar, the instant allegations do not mention the subject matter of the felony thefts or the name of the complaining witnesses. We find, however, no objection to the pleadings and the appellant and his counsel announced "ready." Cf. Guinn v. State, 163 Tex.Cr.R. 181, 289 S.W.2d 583 (Tex.Cr.App.1956).

Officer Morgan corroborated Lewis' testimony about his (Morgan's) role in the chase.

The appellant called Robert Butler who testified that he alone stole a 1966 Chevrolet "about February 12, 1970," and that he gave the appellant a ride, after which they were arrested on Sumner Street. He related he had been convicted of the offense.

Elbert Lamb testified that the appellant worked for him on occasions and that on February 21, 1971, he loaned the appellant money to buy a 1953 truck, which one Toliver had earlier offered to sell him. This testimony was apparently in answer to the State's allegation that appellant had committed a felony theft on February 21, 1971, which allegation the State did not support by proof.

The appellant, against the advice of his counsel, took the witness stand. He denied stealing the "'66 Chevrolet" nor the 1953 truck on February 21, 1971. He claimed he didn't know Lewis was an officer, relating that while Lewis had a gun he was not dressed like an officer and he did not see a badge; Lewis' vehicle was not marked; that he thought Lewis might be a game warden; that he accidentally struck Lewis' vehicle; that he stopped when he realized that Morgan, in a marked patrol car, was trying to stop him.

On cross-examination he admitted he had been driving without an operator's license and that he never had one, and knew that he was violating the law in driving without a driver's license.

At the conclusion of the hearing the court stated: "Under this evidence I have no alternative other than to grant the motion of the State to revoke probation."

■ Appellant contends the evidence was insufficient to justify revocation and the court abused its discretion in so doing. We cannot agree. It is true the State failed to support its allegations that appellant committed a felony theft "on or about February 21, 1971," but despite the inconclusive pleading and confusion as to dates [2] the State did establish the commission of the other felony theft alleged by showing appellant in unexplained possession of recently stolen property. Further, Officer Lewis' testimony was sufficient to show several other violations of probationary condition (a). Under any circumstances, appellant's own admission that he was knowingly driving without a driver's license in violation of the law during the probationary period would be sufficient evidence, standing alone, to justify revocation.

Appellant's first contention is overruled.

Next, appellant contends that the court's written order revoking probation is insufficient as a matter of law "in that it fails to show how or in what manner the defendant violated the terms of his probation."

The order is merely a finding "that said defendant has violated the terms of his probation."

■ This court has repeated that *in every case* [3] the findings and conclusions

---

2. The motion to revoke alleged the date of the felony theft as "on or about February 10, 1970." Williams testified that "on or about February 15, 1970," his car was stolen and was returned two or three days later. Officer Jennings testified he was employed as a Houston police officer on February 12, 1971, and went to a location at 5:00 a. m. where he discovered appellant under the wheel of a stolen car. Butler, called by the appellant, testified he alone had stolen a Chevrolet "about February 12, 1970" and that he and the ap-

pellant were arrested in the car some time later.

3. The State contends that it "is only when the probation is based upon a violation of the conditions not pleaded, that it is necessary for the court to state the reason for revocation in the judgment. The State cites Tate v. State, 365 S.W.2d 789 (Tex.Cr.App.1963); McBee v. State, 166 Tex.Cr.R. 562, 316 S.W.2d 748 (Tex. Cr.App.1958); Williams v. State, 157 Tex.Cr.R. 25, 245 S.W.2d 493 (Tex.Cr.

**716**

upon which the trial court acts should be clearly set forth in the order of revocation. Hulsey v. State, 447 S.W.2d 165 (Tex.Cr. App.1969); Wozencraft v. State, 388 S.W. 2d 426 (Tex.Cr.App.1965); McBee v. State, 166 Tex.Cr.R. 562, 316 S.W.2d 748 (Tex. Cr.App.1958).

An order revoking probation is not, however, rendered defective for the lack of recitation of the findings on which it was based absent any request to the trial court for such findings. Tate v. State, 365 S.W. 2d 789 (Tex.Cr.App.1963); Hulsey v. State, supra; Johnson v. State, 476 S.W.2d 324 (Tex.Cr.App.1972). In the instant case we find no request for such findings.

Finding no abuse of discretion, the judgment is affirmed.

App.1952). The State misreads these cases. They do not stand for the proposition for which they are cited. It is the better practice in every case to enter findings and conclusions upon which the trial court acted in revoking probation.