Gerald Wayne BURKETT, Appellant,

v.

The STATE of Texas, Appellee.

Earl Wayne ROGERS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 45779 and 45780.

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

B. D. Moye, of Old, Moye & Cobern, Mt. Pleasant, for appellants.

Jack G. Neal, Dist. Atty., Sulphur Springs, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

These are appeals from orders revoking probation. The record in each case is identical.

The appellants entered pleas of guilty to the offense of cattle theft. After findings of guilty, the trial court, on the 21st day of September, 1971, assessed punishment at ten years imprisonment, suspended the imposition of sentences and placed the appellants on probation.

On the 4th day of November, 1971, after a hearing was held on the State's motion to revoke probation, the court pronounced sentence on each defendant.

The appellants urge that the State's pleadings in the motion to revoke probation were insufficient. We agree.

Included within the conditions of the probation were the following: "That during the term of probation the defendant shall: (a) commit no offense against the laws of this state or any other state or the United States; (b) avoid injurious or vicious habits; (c) avoid persons and places of disreputable, harmful character."

The State's motion to revoke probation only alleged "That on or about October 7, 1971, and October 8, 1971, the defendant violated paragraphs (a), (b) and (c) of his Conditions of Probation."

Before announcing ready at the hearing on the motion to revoke probation, the appellants filed and presented to the trial court a motion in writing excepting to the allegations of the State's motion to revoke probation on the grounds that "The State's motion wholly fails to allege therein what offense against the laws of this state or any other state or of the United States this defendant is alleged to have committed; it wholly fails to allege what injurious or vicious habits in which the defendant was engaged; and it wholly fails to allege what persons or places the defendant associated with or frequented or the date and time said conditions were supposed to have been violated.

"Said pleading, therefore, has not given this defendant fair notice as to what terms

of his probation he is alleged to have violated, thereby depriving him of a fair opportunity to prepare his defense thereto."

The trial court overruled the appellants' motion and did not require the State to amend the motion to revoke probation.

■ The State's pleadings were not sufficient to give the appellants fair notice of the conduct or acts for which the State intended to offer evidence to prove a violation of the conditions of probation. See Jansson v. State, 473 S.W.2d 40 (Tex. Cr.App.1971); Campbell v. State, 456 S. W.2d 918 (Tex.Cr.App.1970); Horman v. State, 423 S.W.2d 317 (Tex.Cr.App.1968) and Gamble v. State, 484 S.W.2d 713 (Tex. Cr.App.1972).

Here, the insufficiency of the pleadings was raised by the appellants in time for the pleadings to have been amended. The appellants did not wait until the time of appeal to raise the issue as was done in Vance v. State, 485 S.W.2d 580 (Tex. Cr.App.1972); Kinard v. State, 477 S.W. 2d 896 (Tex.Cr.App.1972); Wilcox v. State, 477 S.W.2d 900 (Tex.Cr.App.1972) and Guinn v. State, 163 Tex.Cr.R. 181, 289 S.W.2d 583 (1956).

■ The State argues that there is overwhelming evidence in the record to support the order revoking probation. We agree. However, that is not an answer to the deficiency in the pleadings.

The overruling of appellants' motion excepting to the State's pleadings and not requiring the State to amend the pleadings to give the appellants fair notice of the conduct or acts upon which the State was relying for the revocation of probation constituted an abuse of discretion which requires reversal.

The orders revoking probation are reversed and ordered set aside.

Opinion approved by the Court.