**Albert Joe DEMPSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46849.**

Court of Criminal Appeals of Texas.

June 13, 1973.

Rehearing Denied July 3, 1973.

**50**

Donald W. Rogers, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Andy Tobias, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from an order revoking probation.

On November 16, 1969, appellant pleaded guilty before the court to the offense of murder without malice. The punishment was assessed at five yars, but the imposition of sentence was suspended and appellant was granted probation.

Among the conditions of probation was the requirement that appellant:

"(a) Commit no offense against the laws of this or any other State or the United States."

On March 28, 1972, the State filed a motion to revoke appellant's probation alleging that appellant, "on or about the 19th day of March, 1972, in Harris County, Texas, then and there was legally in a retail business establishment as an invitee and licensee, and while in said establishment, did then and there remove from their place in said establishment, merchandise of the value of less than fifty dollars, which was then and there being kept, stored and displayed for sale in said establishment, with the intent to fraudulently take said property and deprive the owner thereof, of the value of the same and to appropriate the same to the use and benefit of the said Albert Joe Dempsey."

On June 2, 1972, a hearing was held on State's motion to revoke appellant's probation, and the record reflects that after the State read its motion, the appellant entered a plea of untrue. Immediately after the plea was entered, appellant orally urged that the motion be denied or quashed, and that the State be caused to replead in that the motion to revoke failed to state which particular retail establishment in Harris County the appellant was alleged to have been in, and that the motion did not particularize what merchandise the appellant was alleged to have taken.

In Campbell v. State, Tex.Cr.App., 456 S.W.2d 918, the defendant *"timely filed prior to the hearing* a motion to quash the revocation motion alleging such motion did not comply with Article 42.12, V.A.C.C.P., and did not set out the alleged violation 'in intelligible words' so that he would be apprised just how he supposedly had violated

his probation." (emphasis supplied) In Campbell, the motion to revoke probation had alleged, "That Defendant has violated the following conditions (b) of said probation in that (b) avoid injurious or vicious habits."

As in the instant case, the trial court, in Campbell, overruled the motion to quash. In Campbell, this Court held that the trial court's failure to require the State to more specifically allege how defendant had violated his probation before revoking probation constituted an abuse of discretion.

In the instant case, appellant contends that the court abused its discretion in denying his motion and in support thereof cites Campbell v. State, supra, and the following cases which we find to be distinguishable from the instant case. Pollard v. State, 172 Tex.Cr.R. 39, 353 S.W.2d 449, is unlike the instant case in that under the general allegation in petition for revocation "probationer might be called upon to meet proof of any violation at any time during the three years he was on probation."

In Jansson v. State, Tex.Cr.App., 473 S.W.2d 40, this Court found "the motion to revoke does not allege facts which would necessarily constitute a violation of the law."

In Burkett v. State, Tex.Cr.App., 485 S.W.2d 578, the State's motion to revoke probation only alleged, "That on or about October 7, 1971, and October 8, 1971, the defendant violated paragraphs (a), (b) and (c) of his Conditions of Probation." *Before announcing ready at the hearing, the probationer filed and presented to the trial court a motion in writing* excepting to the allegations of the State's motion to revoke probation. This Court held the trial court's action in overruling probationer's motion and not requiring the State to amend the pleadings constituted an abuse of discretion.

In Kuenstler v. State, 486 S.W.2d 367, the revocation motion was not served upon probationer and his attorney until the date of the hearing and alleged that probationer "Committed the offense of Felony Theft, subsequent to being placed on probation." *Prior to the hearing,* appellant's counsel pointed out that the allegations of felony theft were "vague, general and indefinite" and requested the State be required to amend. The State then orally announced they hoped to prove a fraudulent transaction involving real estate sales of land, giving the name of the injured party, and stated that the offense "occurred in April of 1971, and, of course, in May of 1971." Probationer then stated he was not prepared to defend against such new allegations involving complex real estate transactions. This Court concluded, "We agree that appellant was denied the rudiments of due process by the failure to give him adequate and prior notice to enable him to prepare his defense." This Court noted that it did not pass upon the validity of the "oral motion or amendment, nor the sufficiency of the allegations." There are no statutory provisions governing when a motion directed to the insufficiency of the pleading to revoke probation must be filed, or what form such motion shall take, nor is there statutory guidance in determining the sufficiency of the pleading. Thus, our determination must be based upon whether the trial court abused its discretion in overruling appellant's motion. See Cannon v. State, Tex.Cr.App., 479 S.W.2d 317; Barnes v. State, Tex.Cr.App., 467 S.W.2d 437; Manning v. State, Tex.Cr.App., 412 S.W.2d 656.

In the instant case, motion to revoke probation was filed on March 28, 1972. Counsel was appointed to represent appellant on April 27, 1972. Hearing on the motion to revoke was held on June 2, 1972. There is nothing to indicate that appellant and his counsel did not have a copy of the motion to revoke at the time of counsel's appointment more than thirty days before the hearing. There is no statutory period regarding when a copy of the State's motion shall be served upon probationer, but

in Gist v. State, 160 Tex.Cr.R. 169, 267 S. W.2d 835, this Court held that the trial judge did not abuse his discretion in conducting a revocation hearing five days after the filing of the State's motion. See Kuenstler v. State, supra.

■ While the allegations in a motion to revoke probation need not strictly comply with the requirements of an indictment, Gonzales v. State, Tex.Cr.App., 456 S.W. 2d 53, it should fully inform the probationer so that he and his counsel will know what he will be called upon to defend against. Wilcox v. State, Tex.Cr.App., 477 S.W.2d 900. In the instant case, the State's motion to revoke alleged that appellant had committed the offense of shoplifting on the 19th day of March, 1972, in Harris County, said motion containing all of the elements of the offense. Art. 1436e, V.A.P.C., See Willson's Criminal Forms, Seventh Edition, Sec. 1979. Only the store in which the alleged shoplifting occurred and the designation of the merchandise under the value of fifty dollars which was taken were omitted. The objection voiced to the State's motion to revoke in the instant case did not come until after the State had read its motion on the day of the hearing and appellant had entered a plea of untrue. Appellant then noted that "prior to witnesses being called" he desired to object to the motion and dictated an oral motion to deny or quash the State's motion.[1] After appellant's oral motion was overruled, no request for continuance was made by appellant nor was such a request made prior to that time.

While the State's motion to revoke leaves something to be desired, it contains the date of the alleged offense of shoplifting in the county in which the alleged offense occurred, recites that the value of the merchandise taken was under fifty dollars and sets forth all the elements of the offense. Appellant's counsel had been ap-pointed more than a month prior to the hearing and no motion directed to the State's pleading to revoke was voiced until after appellant had entered his plea. Then such objection was made orally. Under the foregoing circumstances, we decline to hold that the court abused its discretion in overruling appellant's motion to deny or quash the State's motion to revoke.

■ Appellant contends that the trial court abused its discretion in revoking probation in that the evidence was insufficient to prove that appellant committed the offense of shoplifting.

Appellant urges that the meat market manager of the store could not, with certainty, state that the meat alleged to have been taken came from his store.

William Gordon, an employee of Stanley-Smith Security, testified that he was working at a Safeway Store at 7510 Belfort, in Houston, on March 19, 1972, when he observed appellant adjusting something inside his shirt. Upon approaching appellant, Gordon stated that appellant said, "Man, I'll come clean with you," and, "Here it is." Appellant then handed Gordon two packages of New York strip steaks. Appellant was taken to the back of the store, and Harvey Williams, meat market manager, was called. Appellant then removed two more packages of New York strip steaks from the front of his pants. The total price of the meat as reflected by the price tags affixed to the packages was $17.24. Appellant had less than five dollars on his person. Williams testified that the steaks were still cold and were placed back in stock. On direct examination, Williams stated that he was able to establish that the steaks were taken from the store in question. On cross-examination, it was developed that Williams based this conclusion on the fact that the steaks were cold, "packaged just like we package our meat." The packages had Safeway tags

---

[1]. *All motions to set aside an indictment or information and all special pleas and exceptions are required to be in writing* under the provisions of Art. 27.10, Vernon's Ann.C.C.P.

and the tags reflected that the meat had been weighed on Hobart scales. Of the fifteen Safeway stores in Houston, Williams stated he knew of only three of the stores that use Hobart scales and that the other stores used Toledo scales, which make a different type label or tag to go on the meat packages.

We find the foregoing evidence sufficient to support the finding of the trial court that appellant violated his probation by committing the offense of shoplifting.

There being no abuse of discretion shown in revoking probation, the judgment is affirmed.

Opinion approved by the Court.

ONION, Presiding Judge (dissenting).

I dissent with all the vigor at my command.

This court has repeatedly held that while the allegations in a motion to revoke need not strictly comply with the requirements of an indictment, they should fully inform the probationer so that he and his counsel will know what he will be called upon to defend against. Wilcox v. State, 477 S. W.2d 900 (Tex.Cr.App.1972); Campbell v. State, 456 S.W.2d 918 (Tex.Cr.App.1970). Where the basis of the revocation is a violation of a penal law, the "allegations must give fair notice and should allege a violation of the law." Jansson v. State, 473 S. W.2d 40, 42 (Tex.Cr.App.1971). See also Gamble v. State, 484 S.W.2d 713 (Tex.Cr. App.1972). And, when the motion fails to so fully inform the probationer, he is denied the rudiments of due process. Kuenstler v. State, 486 S.W.2d 367 (Tex.Cr. App.1972). See also Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

In the instant case the State's motion to revoke probation filed March 28, 1972 alleged that the appellant

". . . on or about the 19th day of March, 1972, in Harris County, Texas then and there was legally in a retail business establishment as an invitee and licensee, and while in said establishment did then and there remove from their place in said establishment merchandise, of the value of less than fifty dollars, which was then and there being kept, stored and displayed for sale in said establishment, with the intent to fraudulently take said property and deprive the owner thereof, of the value of the same and to appropriate the same to the use and benefit of the said ALBERT JOE DEMPSEY."

The defects in such pleadings by which the State sought to charge the offense of shoplifting are obvious. The motion is couched in such general terms as to give the appellant no notice of what retail establishment in populous Harris County was involved, nor was he even informed of the general type of retail establishment or the name of the owner, or the type of merchandise. Further, the allegation "on or about the 19th day of March, 1972" does not bind the State in a revocation proceeding to that date in its proof so long as the date proved is within the probationary term. See Rogers v. State, 169 Tex.Cr.R. 239, 333 S.W.2d 383 (1960).

Such motion in no way was sufficient to enable the appellant to prepare a defense or to determine what witnesses to subpoena.

On June 2, 1972, a hearing was conducted on the motion in question. Just as soon as the State had read aloud its motion, appellant's court-appointed counsel entered a plea of "untrue" for the appellant, and in the same sentence immediately called the trial court's attention to the deficiencies in the motion and informed the court he was unable to prepare any defense for the appellant. The motion was, in effect, overruled and the testimony was ordered commenced. At the conclusion of the hearing, the motion was renewed and again overruled.

Appellant relies upon Campbell v. State, supra; Pollard v. State, 172 Tex.Cr.R. 39, 353 S.W.2d 449 (1962); Jansson v. State, 473 S.W.2d 40 (Tex.Cr.App.1971); Burkett v. State, 485 S.W.2d 578 (Tex.Cr.App.1972), and Kuenstler v. State, 486 S.W.2d 367 (Tex.Cr.App.1972). These authorities clearly support appellant's position and call for reversal.

The majority, however, struggles mightily to distinguish these cases, but, in my opinion, fails.

In *Pollard* and *Jansson* there is nothing in the opinions to indicate when or what form the challenge to the motion to revoke took.[1] Therefore, the majority attempts to distinguish these cases solely by simply saying the allegations there were more general than the instant case or did not necessarily charge a violation of the law. This is merely a matter of degree. While the allegations in *Pollard* were more general than in the instant case, the allegations here still did not properly inform the appellant what he had to defend against. He was not told what retail establishment was involved or who the owner was, or what type of merchandise was involved, and, in view of the "on or about" allegation as to date, the State was free to cause him to meet proof of any shoplifting violation from the very time he was placed on probation. Further, in my opinion, the allegations in the motion to revoke did "not allege which facts would necessarily constitute a violation of the law" just as the allegations in *Jansson* failed to do the same thing.

Clearly the majority's artificial efforts to distinguish these cases are not successful.

*Campbell* is sought to be distinguished merely because the motion to quash the revocation motion was "timely filed prior to the hearing." *Burkett* was sought to be distinguished because there a *written* motion to quash was filed and *Kuenstler* because "prior to the hearing" the accused raised the question as to "vague, general and indefinite" allegations.

Without holding that a written motion to quash a revocation motion is absolutely required, the majority holds that the "objection" was not timely because it came after the State had read its motion and the plea of "untrue" was entered. As earlier observed, the oral motion to quash was contained in the same sentence as the plea of "untrue" and was *prior to the hearing* and before any witness testified.[2]

There is nothing in this record to show if a copy of the revocation motion was ever served upon the appellant or his counsel or that they had any knowledge that the same was defective before the same was read in open court.

For the majority to draw these narrow, shallow, technical, and unrealistic distinctions in an attempt to avoid the requirements of due process in this case is wrong.

For the reasons stated, I dissent.

ROBERTS, J., joins in this dissent.

---

1. *Pollard* was actually reversed on another ground and the court in passing called attention to the defective pleading. An examination of the record in that cause does not reveal a motion to quash or other challenge to the revocation motion. In Horman v. State, 423 S.W.2d 317 (Tex.Cr.App.1968), this court held the pleadings defective. An examination of the record reveals no challenge to the revocation motion. It may well be argued, however, that *Horman* was reversed because the proof fails to show a violation of a penal law or other probationary condition.

2. In effect the majority is saying that a motion calling the trial court's attention to fatal defects in the revocation motion at the time the plea is entered and prior to the taking of testimony is the same as raising the question of the sufficiency of the motion for the first time on appeal. See Burkett v. State, supra; Vance v. State, 485 S.W.2d 580 (Tex.Cr.App.1972); Kinard v. State, 477 S.W.2d 896 (Tex.Cr.App.1972); Wilcox v. State, 477 S.W.2d 900 (Tex.Cr.App.1972), and Guinn v. State, 163 Tex.Cr.R. 181, 289 S.W.2d 583 (1956).