Wendell Ulysses TONE, Appellant,

v.

The STATE of Texas, Appellee.

No. 47592.

Court of Criminal Appeals of Texas.

Nov. 14, 1973.

Rehearing Denied Feb. 13, 1974.

John Mustachio, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Herbert Hancock, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

On April 23, 1971, after a plea of guilty, the appellant was found guilty of the offense of robbery by assault and the punishment assessed was ten years' imprisonment. The appellant was granted probation. On August 9, 1972, an order revoking probation was entered and sentence was pronounced.

The appellant contends that the trial court abused its discretion in revoking probation because the motion to revoke probation failed to give notice of the offense alleged in a manner which would afford due process to the appellant and that the evidence is not sufficient to support the order of revocation.

The State's motion to revoke probation in part alleged that:

"THE STATE WOULD FURTHER SHOW THE COURT THAT said Defendant herein did then and there violate the terms and conditions of his probation in this, to-wit: THAT said defendant committed the offense of FELONY THEFT on or about May 4, 1972, in Harris County, Texas; THAT said Defendant committed the offense of THEFT BY BAILEE on or about May 1, 1972, in Harris County, Texas; . . ."

After proceedings in the revocation hearing had commenced the appellant's counsel dictated into the record an oral motion complaining that there were no allegations concerning the ownership or the descriptions of the property alleged to have been stolen.

■ The disposition of this contention is controlled by the majority opinion in the recent case of Dempsey v. State, 496 S.W. 2d 49 (Tex.Cr.App.1973) in which a full treatment of almost the identical contention is given in both the majority and dissenting opinions. In Dempsey the motion to revoke probation alleged that the defendant had committed the offense of shoplifting without naming the store where it was committed or describing the merchandise taken. We hold here as we did there that the overruling of the oral motion made after the proceedings in the revocation hearing had commenced and the failure to require the State to amend its pleadings did not constitute an abuse of discretion.

■ The appellant's remaining contention that the evidence is insufficient to sustain the revocation order is without merit. The State's evidence was that the appellant had taken, sold and appropriated to his own benefit the proceeds received for several household appliances owned by his elderly grandparents. The appellant testifying in his own behalf admitted taking and selling for $100.00 the appliances owned by his grandparents. It was his testimony, however, that he had their consent and permission to sell the property to obtain money to pay for a child's medical expenses. The grandfather testified that he did not give the appellant permission to sell the appliances. An oral stipulation was made in open court that the grandmother who was ill and could not be present in Court did not give her permission to the appellant to take and sell the appliances.

The Court as the trier of the facts resolved the issues against the appellant and the evidence is sufficient to support the or-

der revoking probation. No abuse of discretion is shown.

The judgment is affirmed.

Opinion approved by the Court.

ONION, Presiding Judge (dissenting).

I dissented in Dempsey v. State, 496 S. W.2d 49, 53 (Tex.Cr.App.1973), and I dissent here.

In *Dempsey* the majority, without holding that a written motion to quash a revocation motion is required, wrongly held the "objection" was untimely because it came after the State had read its motion and the plea of "untrue" was entered. This holding was made despite the fact that the oral motion to quash was contained in the same sentence, the same breath as the plea of "untrue" and was prior to the revocation hearing and before any witness testified.

The majority now says the instant case is controlled by *Dempsey* and that the oral motion to quash the revocation pleadings came too late since it was made after the revocation proceedings started. The record reflects the following at the beginning of the hearing:

"THE COURT: All right, gentlemen.

"THE STATE: Your Honor, if it please the Court, may we have this marked as State's Exhibit Nos. 1 and 2?

"MR. BOYD (Defense): Your Honor, before this case proceeds, I would like to make a motion, if the Court please.

"THE COURT: Yes, sir; you may make it. Go ahead and make it."

Thereafter, the motion to quash the revocation pleadings was made pointing out, among other things, that the pleadings did not inform the appellant of the party from whom the property was alleged to have been taken, nor the type of property, nor its value, etc.

The motion to quash was overruled and then, unlike *Dempsey,* the motion to revoke was read for the first time and then testimony was offered.

To stretch the erroneous and harsh decision of *Dempsey* to the instant case and say that the oral motion to quash comes too late is wrong, wrong, wrong. Today's holding means that when the court in a revocation hearing says, "Good morning, counsel," it is then too late to call the trial court's attention to defects in the pleadings. This is not and can never be good law.

It is to be remembered that while the allegations in a motion to revoke need not strictly comply with the requirements of an indictment, they should fully inform the probationer so that he and his counsel will know what he will be called upon to defend against. Campbell v. State, 456 S.W.2d 918 (Tex.Cr.App.1970); Wilcox v. State, 477 S.W.2d 900 (Tex.Cr.App.1972). And where the basis of the revocation is a violation of a penal law, the "allegations must give fair notice and should allege a violation of the law." Jansson v. State, 473 S.W.2d 40, 42 (Tex.Cr.App.1971). See also Gamble v. State, 484 S.W.2d 713 (Tex.Cr.App.1972). When the motion fails to fully inform the probationer he is denied the rudiments of due process. Kuenstler v. State, 486 S.W.2d 367 (Tex.Cr.App.1972). See also Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

This court has repeatedly held that due process applies to revocation hearings. See e. g., Campbell v. State, supra.

This is indeed a sad day for this court to ignore fundamental fairness and due process by holding that a probationer must proceed to defend against a general vague allegation of a violation of a probationary condition merely because his counsel does not speak before the court says "All right, gentlemen." Such a holding as in the instant case puts a stamp of approval upon sloppy pleading by the State and only encourages more of the same by making it difficult for defense counsel to object to the same.

I dissent vehemently.

ROBERTS, J., joins in this dissent.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

DOUGLAS, Judge.

In addition to the recitals in the original opinion, another part of the record supports the majority's holding.

■ Prior to the appellant's oral motion to quash, the record recites the following:

". . . the Defendant appearing in person and by counsel, announced ready for trial; and all preliminary matters having been disposed of, . . ."

After this, the appellant requested and received permission to make a motion. He then dictated his motion to dismiss or quash the State's motion to revoke probation. As in Dempsey v. State, 496 S.W.2d 49 (Tex.Cr.App.1973), appellant's motion was made after the proceedings in the revocation had commenced. The failure to require the State to amend its pleadings under such facts is not an abuse of discretion.

The remaining contentions were properly disposed of in the original opinion and will not be discussed again.

The motion for rehearing is denied.