COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-037-CR

 

 

GUILLERMO ZUNIGA                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction








In three
points, Appellant Guillermo Zuniga asserts that the trial court abused its
discretion by failing to require the State to plead the allegations contained
in its first amended petition to proceed to adjudication (the APetition@) with
more specificity and by revoking Zuniga=s
community supervision because the evidence was legally and factually
insufficient to support the trial court=s
decision to proceed to adjudication.  We
affirm.

II. 
Factual and Procedural History

In
January 2002, the State indicted Zuniga for two counts of indecency with a
child and one count of injury to a child causing bodily injury.[2]  Zuniga pleaded guilty to injury to a
child.  See Tex. Penal Code Ann. ' 22.04(a)(3)
(Vernon Supp. 2009).  On October 17,
2002, in accordance with Zuniga=s plea
bargain agreement, the trial court sentenced him to five years=
deferred adjudication community supervision.

In September
2008, the State filed the Petition, alleging four violations: 

1.  SEX OFFENDER
TREATMENT:  The Defendant was
ordered by the court on January 25, 2006 to complete sex offender
treatment goals by June 30, 2007.

 

In violation of said condition the Defendant failed to
complete sex offender treatment goals by June 30, 2007 as ordered by the
court on or about January 25, 2006.

 

2.  SEX OFFENDER
TREATMENT:  The Defendant was
ordered by the court on October 22, 2007 to complete sex offender
treatment no later than August 30, 2008.

 








In violation of said condition the Defendant failed to
complete sex offender treatment no later than August 30, 2008 as ordered
by the court on or about October 22, 2007.

 

3.  SEX OFFENDER TREATMENT
GOALS:  The Defendant was ordered
by the court on January 25, 2006 to submit one sex offender treatment
goal for approval to the sex offender treatment provider per month.

 

In violation of said condition the Defendant failed to
submit one sex offender treatment goal to the sex offender treatment provider
per month for the following months:  MAY,
JUNE, AUGUST, OCTOBER, DECEMBER 2006; MARCH AND MAY 2007.

 

4.  SEX OFFENDER TREATMENT
ATTENDANCE:  The Defendant was
ordered to attend and participate fully in and successfully complete
psychological counseling/treatment sessions (including aftercare) for sex
offenders with an individual or organization which provides sex offender
treatment or counseling as specified by or approved by the judge or the
supervision officer.

 

In
violation of this condition, the defendant failed to attend his scheduled
appointment with Michael Strain on or about September 1, 2008, and
failed to schedule and complete a make up session.

The trial court found the
allegations in the Petition true, found Zuniga guilty of injury to a child
causing bodily injury, and sentenced him to five years=
confinement.  This appeal followed.

III. 
Standard of Review








We
review an order revoking community supervision under an abuse of discretion
standard.  Cardona v. State, 665
S.W.2d 492, 493 (Tex. Crim. App. 1984); Cherry v. State, 215 S.W.3d 917,
919 (Tex. App.CFort Worth 2007, pet. ref=d).

IV. 
Pleading

In his
first point, Zuniga alleges that the trial court abused its discretion by
failing to require the State to plead with more specificity the allegations in
the Petition.  He complains that Amajor
portions of the State=s Petition to Proceed to
Adjudication were so overly broad, vague, and ambiguous, such that defense
counsel was unable to understand and adequately prepare Appellant=s
defense.@








All
motions to set aside an indictment or information and all special pleas and
exceptions shall be in writing.  See
Tex. Code Crim. Proc. Ann. art. 27.10 (Vernon 2006); see Dempsey v. State,
496 S.W.2d 49, 52 & n.1 (Tex. Crim. App. 1973) (referencing article 27.10
with regard to motions to deny a State=s motion
to revoke probation).  And they must be
timely.  See Longoria v. State,
624 S.W.2d 582, 584 (Tex. Crim. App. 1981) (holding that the trial court did
not abuse its discretion by denying appellant=s motion
to dismiss State=s motion to revoke when
appellant, who contended that the allegations in the State=s motion
to revoke probation were insufficient to put him on notice, announced ready,
entered a plea of not true, and then made the oral motion to dismiss for lack
of specificity); Dempsey, 496 S.W.2d at 52 (AAppellant=s
counsel had been appointed more than a month prior to the hearing and no motion
directed to the State=s pleading to revoke was voiced
until after appellant had entered his plea. 
Then such objection was made orally. 
Under the foregoing circumstances, we decline to hold that the court
abused its discretion in overruling appellant=s motion
to deny or quash the State=s motion
to revoke.@); cf. Whitehead v. State,
556 S.W.2d 802, 807 & n.4 (Tex. Crim. App. 1977) (concluding that the trial
court erred by overruling appellant=s
exception to the motion to revoke when appellant raised the issue to the trial
court before proceedings began by filing a written notice to set aside the
motion to revoke and argued the motion before the revocation proceedings
began).








Zuniga
did not file a written motion to quash. 
At the hearing, he announced ready. 
The trial court then read each allegation to him and asked if he
understood.  Zuniga replied, AYes,@ and
then pleaded A[n]ot true@ to each
paragraph.  After the trial court
informed the State that it could proceed, Zuniga objected to all four
allegations Aon the constitutional basis of
vagueness.@  He renewed this objection after beginning his
cross-examination of the State=s first
witness.[3]  Under these circumstancesCfailure
to file a written motion to quash and failure to do so in a timely mannerCthe
trial court did not abuse its discretion by overruling Zuniga=s
objection to the Petition.  See Tex.
Code Crim. Proc. Ann. art. 27.10; Longoria, 624 S.W.2d at 584; Dempsey,
496 S.W.2d at 52; see also Mendez v. State, No. 14-01-01270-CR, 2002 WL
31398811, at *2 (Tex. App.CHouston
[14th Dist.] Oct. 24, 2002, no pet.) (not designated for publication) (AThe
proper method for challenging a motion to revoke is a motion to quash . . .
.  If appellant did not receive full and
fair notice of the offense he would be called to defend, he should have filed a
motion to quash.@).








Furthermore,
although Zuniga claims that the allegations were vague, the evidence at trial
rebuts this argument.  As a condition of
his community supervision, Zuniga was ordered on January 25, 2006, to complete
his sex offender treatment goals by June 30, 2007, and he was ordered to submit
one sex offender treatment goal for approval each month to the sex offender treatment
provider.  He later received an extension
on October 22, 2007, to complete his sex offender treatment by August 30,
2008.  And he was ordered to attend,
fully participate in, and successfully complete Apsychological
counseling/treatment sessions (including aftercare) for sex offenders.@  The Petition alleged that he failed to
complete his sex offender treatment goals by June 30, 2007; failed to complete
sex offender treatment no later than August 30, 2008; failed to submit one sex
offender treatment goal during five months in 2006 and two months in 2007; and
failed to attend a scheduled psychological counseling/treatment session in
September 2008.

Michael
Strain, Zuniga=s psychotherapist, testified
that he had often reviewed the program=s goals
and requirements with Zuniga and had given Zuniga a written copy of all thirty
goals in the early stages of the program. 
State=s exhibit 1, which Strain
described as Athe most current copy of [Zuniga=s]
treatment plan tracking form[,] which shows the dates that he completed each of
the goals in our program,@ was admitted without
objection.  Strain testified, 

[Zuniga=s] second week in
treatment[,] I gave him a written treatment plan which had each goal written
out in Spanish.  He had that document the
entire time of . . . his treatment. . . . 
And in treatment other group members are working on similar goals, he
saw other people working on goals.  We
talked about them as he would declare the work on a goal, we talked about what
he needed to do to do this, yes, he did understand.








And Mary Tobar, Zuniga=s
community supervision officer, testified that Zuniga finally completed his sex
offender treatment during the week of the revocation hearing in 2009.  We overrule Zuniga=s first
point.

V.  Legal
and Factual Sufficiency

In his
second and third points, Zuniga complains that the trial court abused its
discretion by revoking his community supervision because the evidence was
legally and factually insufficient to support the revocation and decision to
proceed to adjudication. 

Initially,
we note that this court has previously held that a factual sufficiency review
is inapplicable to revocation proceedings. 
See Cherry, 215 S.W.3d at 919 (declining to address Cherry=s
factual sufficiency challenge to revocation of her community supervision and
listing cases holding same).  We decline
Zuniga=s
invitation to reconsider, and we overrule his third point.








With
regard to legal sufficiency, the State has met its burden with respect to
evidence of revocation when the greater weight of the evidence creates a
reasonable belief of the necessary revocation elements.  Allbright v. State, 13 S.W.3d
817, 818B19 (Tex.
App.CFort
Worth 2000, pet. ref=d).  In a revocation proceeding, the State must
prove by a preponderance of the evidence that the defendant is the same
individual who is named in the judgment and order of community supervision and
then must prove that the defendant violated a term of community supervision as
alleged in the motion to revoke.  Cobb
v. State, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993).  The trial court is the sole trier of fact and
determines the credibility of the witnesses and the weight to be given their
testimony.  Cherry, 215 S.W.3d at
919; Allbright, 13 S.W.3d at 819. 
We review the evidence in the light most favorable to the trial court=s
ruling.  Cardona, 665 S.W.2d at
493; Cherry, 215 S.W.3d at 919. 
If the State fails to meet its burden of proof, the trial court abuses
its discretion by revoking the community supervision.  Cardona, 665 S.W.2d at 493B94.  A finding of a single violation of community
supervision is sufficient to support revocation.  Allbright, 13 S.W.3d at 819.








Tobar
testified that one of the conditions of Zuniga=s community
supervision was to attend and complete sex offender counseling.  She testified that the deadline for this
condition had been extended to allow Zuniga time to complete his treatment;
that she had informed Zuniga, on more than one occasion, of this condition and
the allotted time frame; and that Zuniga had failed to complete his sex
offender treatment program by the original deadline (June 30, 2007) or the
extended deadline (August 30, 2008).  She
testified that he completed his sex offender treatment during the week of the
revocation hearingCJanuary 26, 2009.[4]  In January 2006, his community supervision
conditions were amended to require him to complete at least one goal per
month.  Tobar testified that Zuniga had
failed to complete his sex offender treatment program goals in 2006 in May,
June, August, September, October, and December, and in 2007 in March and
May.  She testified that Zuniga did not
attend a required sex offender counseling session in September 2008.  As of September 2008, Zuniga still had seven
goals remaining, and as of December 2008, he still had two goals remaining.

Strain
testified that Zuniga had failed to complete any goals related to his sex
offender treatment program in 2006 during May, June, August, October, and
December, and in 2007 during March and May and had failed to attend a
counseling session in September 2008. 
Because the counseling session was a group session, it could not be made
up.

Viewing
this evidence in the light most favorable to the trial court=s
ruling, we cannot say that the trial court abused its discretion by revoking
Zuniga=s
community supervision.  We overrule
Zuniga=s second
point.








VI. 
Conclusion

Having
overruled all of Zuniga=s points, we affirm the trial
court=s
judgment.

 

 

BOB MCCOY

JUSTICE

 

PANEL: WALKER, MCCOY, and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: January 21, 2010











[1]See Tex. R. App. P. 47.4.





[2]The indecency allegations
were that he engaged in sexual contact by touching the genitals and the breast
of a child younger than seventeen years. 
See Tex. Penal Code Ann. ' 21.11(a)(1), (c) (Vernon Supp. 2009).  The State apparently waived these counts upon
Zuniga=s guilty plea to injury
to a child.





[3]Zuniga=s counsel stated,

 

Okay.  Your Honor, forgive me, I meant to object
before I started asking questions.  The
entire testimony of the probation officer was about mysterious unarticulated
goals that haven=t been satisfied.  Your Honor, I renew my constitutional
objection to vagueness.  I still don=t have any clarity at all
to defend Mr. Zuniga on just what it is he didn=t do to the satisfaction
of Mr. Strain, to be reported to his secretary, to be reported to this officer,
to be reported to you.  I think it is
incredibly constitutionally incorrect for us to have this hearing on these kind
of allegations.  The vagueness is off the
charts, Your Honor.





[4]Tobar stated, AHe was ordered to
complete his sex offender treatment and he was given a sex offender treatment
plan at Mr. Strain=s office. . . .  And he did not complete the sex offender
treatment plan . . . [u]ntil Monday of this past week.@