

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-037-CR

GUILLERMO ZUNIGA                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I.  Introduction

In three points, Appellant Guillermo Zuniga asserts that the trial court abused its discretion by failing to require the State to plead the allegations contained in its first amended petition to proceed to adjudication (the "Petition") with more specificity and by revoking Zuniga's community supervision because

---

[1] *... See* Tex. R. App. P. 47.4.

the evidence was legally and factually insufficient to support the trial court's decision to proceed to adjudication. We affirm.

## II. Factual and Procedural History

In January 2002, the State indicted Zuniga for two counts of indecency with a child and one count of injury to a child causing bodily injury.[2] Zuniga pleaded guilty to injury to a child. *See* Tex. Penal Code Ann. § 22.04(a)(3) (Vernon Supp. 2009). On October 17, 2002, in accordance with Zuniga's plea bargain agreement, the trial court sentenced him to five years' deferred adjudication community supervision.

In September 2008, the State filed the Petition, alleging four violations:

1. SEX OFFENDER TREATMENT: The Defendant was ordered by the court on January 25, 2006 to complete sex offender treatment goals by June 30, 2007.

   In violation of said condition the Defendant failed to complete sex offender treatment goals by June 30, 2007 as ordered by the court on or about January 25, 2006.

2. SEX OFFENDER TREATMENT: The Defendant was ordered by the court on October 22, 2007 to complete sex offender treatment no later than August 30, 2008.

---

[2] The indecency allegations were that he engaged in sexual contact by touching the genitals and the breast of a child younger than seventeen years. *See* Tex. Penal Code Ann. § 21.11(a)(1), (c) (Vernon Supp. 2009). The State apparently waived these counts upon Zuniga's guilty plea to injury to a child.

In violation of said condition the Defendant failed to complete sex offender treatment no later than August 30, 2008 as ordered by the court on or about October 22, 2007.

3. SEX OFFENDER TREATMENT GOALS: The Defendant was ordered by the court on January 25, 2006 to submit one sex offender treatment goal for approval to the sex offender treatment provider per month.

In violation of said condition the Defendant failed to submit one sex offender treatment goal to the sex offender treatment provider per month for the following months: MAY, JUNE, AUGUST, OCTOBER, DECEMBER 2006; MARCH AND MAY 2007.

4. SEX OFFENDER TREATMENT ATTENDANCE: The Defendant was ordered to attend and participate fully in and successfully complete psychological counseling/treatment sessions (including aftercare) for sex offenders with an individual or organization which provides sex offender treatment or counseling as specified by or approved by the judge or the supervision officer.

In violation of this condition, the defendant failed to attend his scheduled appointment with Michael Strain on or about September 1, 2008, and failed to schedule and complete a make up session.

The trial court found the allegations in the Petition true, found Zuniga guilty of injury to a child causing bodily injury, and sentenced him to five years' confinement. This appeal followed.

### III. Standard of Review

We review an order revoking community supervision under an abuse of discretion standard. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App.

1984); *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd).

## IV. Pleading

In his first point, Zuniga alleges that the trial court abused its discretion by failing to require the State to plead with more specificity the allegations in the Petition. He complains that "major portions of the State's Petition to Proceed to Adjudication were so overly broad, vague, and ambiguous, such that defense counsel was unable to understand and adequately prepare Appellant's defense."

All motions to set aside an indictment or information and all special pleas and exceptions shall be in writing. *See* Tex. Code Crim. Proc. Ann. art. 27.10 (Vernon 2006); *see Dempsey v. State*, 496 S.W.2d 49, 52 & n.1 (Tex. Crim. App. 1973) (referencing article 27.10 with regard to motions to deny a State's motion to revoke probation). And they must be timely. *See Longoria v. State*, 624 S.W.2d 582, 584 (Tex. Crim. App. 1981) (holding that the trial court did not abuse its discretion by denying appellant's motion to dismiss State's motion to revoke when appellant, who contended that the allegations in the State's motion to revoke probation were insufficient to put him on notice, announced ready, entered a plea of not true, and then made the oral motion to dismiss for lack of specificity); *Dempsey*, 496 S.W.2d at 52 ("Appellant's counsel had

been appointed more than a month prior to the hearing and no motion directed to the State's pleading to revoke was voiced until after appellant had entered his plea. Then such objection was made orally. Under the foregoing circumstances, we decline to hold that the court abused its discretion in overruling appellant's motion to deny or quash the State's motion to revoke."); *cf. Whitehead v. State*, 556 S.W.2d 802, 807 & n.4 (Tex. Crim. App. 1977) (concluding that the trial court erred by overruling appellant's exception to the motion to revoke when appellant raised the issue to the trial court before proceedings began by filing a written notice to set aside the motion to revoke and argued the motion before the revocation proceedings began).

Zuniga did not file a written motion to quash. At the hearing, he announced ready. The trial court then read each allegation to him and asked if he understood. Zuniga replied, "Yes," and then pleaded "[n]ot true" to each paragraph. After the trial court informed the State that it could proceed, Zuniga objected to all four allegations "on the constitutional basis of vagueness." He renewed this objection after beginning his cross-examination of the State's first witness.[3] Under these circumstances—failure to file a written motion to quash

---

[3] ... Zuniga's counsel stated,

Okay. Your Honor, forgive me, I meant to object before I started asking questions. The entire testimony of the probation officer was

5

and failure to do so in a timely manner—the trial court did not abuse its discretion by overruling Zuniga's objection to the Petition. *See* Tex. Code Crim. Proc. Ann. art. 27.10; *Longoria*, 624 S.W.2d at 584; *Dempsey*, 496 S.W.2d at 52; *see also Mendez v. State*, No. 14-01-01270-CR, 2002 WL 31398811, at *2 (Tex. App.—Houston [14th Dist.] Oct. 24, 2002, no pet.) (not designated for publication) ("The proper method for challenging a motion to revoke is a motion to quash . . . . If appellant did not receive full and fair notice of the offense he would be called to defend, he should have filed a motion to quash.").

Furthermore, although Zuniga claims that the allegations were vague, the evidence at trial rebuts this argument. As a condition of his community supervision, Zuniga was ordered on January 25, 2006, to complete his sex offender treatment goals by June 30, 2007, and he was ordered to submit one sex offender treatment goal for approval each month to the sex offender treatment provider. He later received an extension on October 22, 2007, to

about mysterious unarticulated goals that haven't been satisfied. Your Honor, I renew my constitutional objection to vagueness. I still don't have any clarity at all to defend Mr. Zuniga on just what it is he didn't do to the satisfaction of Mr. Strain, to be reported to his secretary, to be reported to this officer, to be reported to you. I think it is incredibly constitutionally incorrect for us to have this hearing on these kind of allegations. The vagueness is off the charts, Your Honor.

complete his sex offender treatment by August 30, 2008. And he was ordered to attend, fully participate in, and successfully complete "psychological counseling/treatment sessions (including aftercare) for sex offenders." The Petition alleged that he failed to complete his sex offender treatment goals by June 30, 2007; failed to complete sex offender treatment no later than August 30, 2008; failed to submit one sex offender treatment goal during five months in 2006 and two months in 2007; and failed to attend a scheduled psychological counseling/treatment session in September 2008.

Michael Strain, Zuniga's psychotherapist, testified that he had often reviewed the program's goals and requirements with Zuniga and had given Zuniga a written copy of all thirty goals in the early stages of the program. State's exhibit 1, which Strain described as "the most current copy of [Zuniga's] treatment plan tracking form[,] which shows the dates that he completed each of the goals in our program," was admitted without objection. Strain testified,

> [Zuniga's] second week in treatment[,] I gave him a written treatment plan which had each goal written out in Spanish. He had that document the entire time of . . . his treatment. . . . And in treatment other group members are working on similar goals, he saw other people working on goals. We talked about them as he would declare the work on a goal, we talked about what he needed to do to do this, yes, he did understand.

7

And Mary Tobar, Zuniga's community supervision officer, testified that Zuniga finally completed his sex offender treatment during the week of the revocation hearing in 2009. We overrule Zuniga's first point.

## V.  Legal and Factual Sufficiency

In his second and third points, Zuniga complains that the trial court abused its discretion by revoking his community supervision because the evidence was legally and factually insufficient to support the revocation and decision to proceed to adjudication.

Initially, we note that this court has previously held that a factual sufficiency review is inapplicable to revocation proceedings. *See Cherry*, 215 S.W.3d at 919 (declining to address Cherry's factual sufficiency challenge to revocation of her community supervision and listing cases holding same). We decline Zuniga's invitation to reconsider, and we overrule his third point.

With regard to legal sufficiency, the State has met its burden with respect to evidence of revocation when the greater weight of the evidence creates a reasonable belief of the necessary revocation elements. *Allbright v. State*, 13 S.W.3d 817, 818–19 (Tex. App.—Fort Worth 2000, pet. ref'd). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant is the same individual who is named in the judgment and order of community supervision and then must prove that the

8

defendant violated a term of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). The trial court is the sole trier of fact and determines the credibility of the witnesses and the weight to be given their testimony. *Cherry*, 215 S.W.3d at 919; *Allbright*, 13 S.W.3d at 819. We review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Cherry*, 215 S.W.3d at 919. If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94. A finding of a single violation of community supervision is sufficient to support revocation. *Allbright*, 13 S.W.3d at 819.

Tobar testified that one of the conditions of Zuniga's community supervision was to attend and complete sex offender counseling. She testified that the deadline for this condition had been extended to allow Zuniga time to complete his treatment; that she had informed Zuniga, on more than one occasion, of this condition and the allotted time frame; and that Zuniga had failed to complete his sex offender treatment program by the original deadline (June 30, 2007) or the extended deadline (August 30, 2008). She testified that he completed his sex offender treatment during the week of the revocation

hearing—January 26, 2009.[4]  In January 2006, his community supervision conditions were amended to require him to complete at least one goal per month.  Tobar testified that Zuniga had failed to complete his sex offender treatment program goals in 2006 in May, June, August, September, October, and December, and in 2007 in March and May.  She testified that Zuniga did not attend a required sex offender counseling session in September 2008.  As of September 2008, Zuniga still had seven goals remaining, and as of December 2008, he still had two goals remaining.

Strain testified that Zuniga had failed to complete any goals related to his sex offender treatment program in 2006 during May, June, August, October, and December, and in 2007 during March and May and had failed to attend a counseling session in September 2008.  Because the counseling session was a group session, it could not be made up.

Viewing this evidence in the light most favorable to the trial court's ruling, we cannot say that the trial court abused its discretion by revoking Zuniga's community supervision.  We overrule Zuniga's second point.

---

[4] ... Tobar stated, "He was ordered to complete his sex offender treatment and he was given a sex offender treatment plan at Mr. Strain's office. . . .  And he did not complete the sex offender treatment plan . . . [u]ntil Monday of this past week."

## VI. Conclusion

Having overruled all of Zuniga's points, we affirm the trial court's judgment.

BOB MCCOY
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 21, 2010