Judgment reversed and reformed to show an acquittal.

Lushion Edward **KIRTLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 54961.

Court of Criminal Appeals of Texas,
Panel No. 1.

June 27, 1979.

Rehearing En Banc Denied Sept. 19, 1979.

Emmett Colvin, Dallas, for appellant.

Henry M. Wade, Dist. Atty., John H. Hagler, Gerry Holden and Andy Anderson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

Following a conviction for public lewdness, V.T.C.A. Penal Code, Sec. 21.07(a)(3), appellant was assessed a fine of one thousand dollars ($1,000) and thirty (30) days confinement. The dispositive issue on appeal is whether the act was committed in a "public place" as required by V.T.C.A. Penal Code, Sec. 21.07(a)(3).

Appellant was charged by information as follows:

". . . knowingly engage in an act of sexual contact by touching the breast of D___ S___, a female older than 10 years, with intent to arouse and gratify the sexual desires of (appellant) *in a public place, to wit: an automobile on Lake June Road, Dallas County, Texas.*" (Emphasis added)

The language used in the information indicates that the State elected to proceed under that portion of Sec. 21.07(a)(3) which prohibits sexual contact in a public place.[1]

The relevant evidence reflects that appellant invited his recently-hired secretary, D___ S___, to lunch. She reluctantly agreed and accompanied appellant to his automobile. While appellant was driving his auto on Lake June Road, he reached across the front seat and grabbed the arm of D___ S___. In so doing, the back of appellant's hand came in contact with the breast of D___ S___. Appellant denied the contact and stated he did not take his secretary to lunch on the day alleged.

The issue which resolves this cause is whether appellant's auto, traveling on a public road, is a public place.[2] In disposing of this issue, we are guided by the statutory definition of "public place."[3]

" 'Public place' means any place to which the public, or a substantial group of the public, has access and includes, but is not limited to streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops."

Under this definition, Lake June Road is a public place. However, the status of the roadway as public does not extend to a vehicle traveling on that road. Whether or not a vehicle is a "public place" as it travels on a roadway is a fact question for the trier of fact.

We find only one prior opinion dealing with the "public place" definition in connection with the public lewdness section of the penal code where a search and seizure was not a central issue.[4] In that case, *Resnick v. State*, 574 S.W.2d 558 (Tex.Cr.App.1978), the defendant entered a coin-operated movie booth in an adult theater with an under-

---

1. V.T.C.A. Penal Code, Sec. 21.07(a)(3) also prohibits sexual contact "if not in a public place" when the actor is "reckless about whether another is present who will be offended . . ." However, this portion of the Code was not alleged and hence is not before us.

2. In the usual case, the determination of public place is a fact issue for the jury and appellant presents his claimed error as a sufficiency question. The State introduced no evidence on the "public" nature of appellant's auto. Instead, the State chose to rely on the statutory conclusion including a road within "public place." This definition cannot be extended to an auto traveling on a road and, thus, there is no evidence of the public nature of appellant's auto. No evidence issues are matters of law.

3. We are not unaware of the general "right to privacy" under the Federal Constitution. *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). Whether appellant was entitled to expect privacy under the Federal Constitution as he drove down the highway is not before us. The State has a compelling interest in prohibiting sexual activities in public and, therefore, by legislative enactment evidenced by V.T.C.A. Penal Code, Sec. 21.07(a)(3), may control those activities. *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). Therefore, we must determine if an auto, traveling on a public road, is a public place as defined in the Code.

4. There are several cases construing the "expectation of privacy" in connection with searches made in public lewdness cases. See *Green v. State*, 566 S.W.2d 578 (Tex.Cr.App. 1978) and *Buchanan v. State*, 471 S.W.2d 401 (Tex.Cr.App.1971). However, the reasoning used in these cases dealing with expectation of an individual to be free from governmental intrusions, i. e., searches, is not of benefit in appellant's case because no search was involved.

cover police officer. As both watched the movie, the defendant placed his hand on the portion of the officer's trousers covering his genitals. Citing *Green v. State*, 566 S.W.2d 578 (Tex.Cr.App.1978), which held that a commercial establishment open for business is sufficient proof of public place, we refused to reverse for failure of the trial court to charge the jury in *Resnick* on public place.

■ Appellant's auto was not a commercial venture depending upon customers to come inside. There was no showing that while traveling down the road, appellant's auto was accessible to the public or a substantial group of the public. We find nothing in the record which would lead us to conclude that appellant's auto, as it traveled on Lake June Road, was a public place as defined by statute.

■ Our decision today does not establish a per se rule holding that a vehicle traveling on a public road is not a public place. This is a question of fact for the fact finders. However, when the State adduces no evidence of the public nature of appellant's auto, then the State failed as a matter of law to establish the constituent elements of the offense alleged.

Motor vehicles, capable of high speeds across complex and diverse highway systems, have often enjoyed "unique" positions in legal writings. Federal Constitutional issues, such as probable cause and reasonableness of warrantless searches, turn upon the facts and circumstances surrounding a defendant's automobile. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Here, also, whether appellant's vehicle, as it traveled on Lake June Road, was a public place depends on the surrounding facts and circumstances. These circumstances must be established by the State.

The difficulty and, indeed, the impossibility of establishing a per se rule in cases such as appellant's can be illustrated best by example. There can be little doubt that a convertible automobile participating in a parade down main street is a public place. The parade spectators "have access" to the interior of the vehicle because they are able to see the interior of the auto. However, the same auto traveling at high speed at night on a public road may not be a public place.[5]

In the present case, the record does not support the assertion that appellant's vehicle was a "public place."[6] Without such support, appellant's conviction cannot stand.

The judgment is reversed and reformed to show an acquittal.

---

5. Several other examples come to mind, such as vehicle with "tinted" windows or recreational vehicles with curtains pulled. These surrounding circumstances must be adduced by the State. See *Katz v. U. S.*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); compare *Britton v. State*, 578 S.W.2d 685 (Tex.Cr.App.1979).

6. Supportive facts include but are not limited to (1) the speed of the vehicle, (2) traffic and road conditions, (3) obstructions, (4) lighting conditions, and (5) intended use of the vehicle by the operator; all of which should be aimed at proving "public place" as defined by statute.