David Wayne LONGORIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 67040.

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 2, 1981.

J. Patrick Wiseman, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Ray Elvin Speece and Susan Crump, Asst. Dist.

Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

## OPINION

DALLY, Judge.

This is an appeal from an order revoking probation.

On October 24, 1978, the appellant pled guilty to the offense of sexual abuse of a child; punishment was assessed at imprisonment for five years, probated. One of the conditions of probation was that the appellant commit no offense against the laws of this state.

On December 26, 1979, the State filed a motion to revoke probation alleging that the appellant had possessed a usable quantity of marihuana under two ounces and had knowingly engaged in an act of deviate sexual intercourse with another man in a public place. Thereafter, the trial court revoked the appellant's probation, his punishment was reduced and he was sentenced to imprisonment for four years.

The appellant makes several contentions that the trial court abused its discretion in revoking his probation. The first contention is that the State introduced insufficient evidence in support of its motion that the appellant intentionally or knowingly committed the act of deviate sexual intercourse. The appellant says that because he was asleep at the time he was arrested there is no evidence that he was intentionally or knowingly involved in any crime.

V.T.C.A. Penal Code, Sec. 21.07(a)(2), provides that:

"(a) A person commits an offense if he knowingly engages in any of the following acts in a public place or, if not in a public place, he is reckless about whether another is present who will be offended or alarmed by his act:

"(1) . . . .

"(2) an act of deviate sexual intercourse."

In the early morning hours of November 30, 1979, Officer M. S. Garrett of the Houston Police Department, on routine patrol in a public park in Houston, saw a car parked ten to twenty feet off the main paved road that runs through the park. After observing two heads in the front seat of the car, he approached the car and saw the appellant lying directly behind another man; both men were asleep and nude from the waist down. Officer Garrett called for assistance and Officer Michael Akervik of the Houston Police Department responded. Both officers then approached the car; Officer Garrett testified that he observed the appellant's penis in the other man's anus and upon awakening the men he observed feces on the appellant's left index finger, the back of his hand, and completely coating his penis. Officer Akervik additionally added that while asleep, the appellant had his arms around the other man. We find that although both men were apparently asleep when they were found by police officers, the evidence circumstantially supports a finding that the appellant *knowingly* engaged in the act of deviate sexual intercourse. See *Wood v. State*, 577 S.W.2d 477 (Tex.Cr.App.1978); *Dillon v. State*, 574 S.W.2d 92 (Tex.Cr.App.1978).

The appellant also contends that his probation cannot be revoked under V.T.C.A. Penal Code, Sec. 21.07(a)(3), since a car is not within the statutory definition of "public place." V.T.C.A. Penal Code, Sec. 1.07(a)(29), defines "public place" as "any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops."

In *Kirtley v. State*, 585 S.W.2d 724 (Tex.Cr.App.1979), this Court said that whether a car is a public place is a question of fact for the fact finder and generally depends on the surrounding circumstances adduced by

the State showing the public nature of the car; the Court found that the defendant's car, which was traveling down a public road, was not a public place since there was no showing that the car was accessible to the public or a substantial group of the public. We hold that the evidence adduced by the State in this case is sufficient to support a finding that the car containing the appellant and the other man, which was parked in a public park ten to twenty feet off the main park road with its interior in open view, was readily accessible to the public or a substantial group of the public and therefore is a public place under Penal Code, Sec. 1.07(a)(29), supra. See and compare *Kirtley v. State*, supra; *Resnick v. State*, 574 S.W.2d 558 (Tex.Cr.App.1978); *Green v. State*, 566 S.W.2d 578 (Tex.Cr.App. 1978); *Bishoff v. State*, 531 S.W.2d 346 (Tex.Cr.App.1976).

■ The appellant next contends that the allegations in the State's motion to revoke his probation were insufficient to put him on notice of what type of deviate sexual intercourse the State would rely on to prove its accusation. The record reflects that both sides announced ready and the appellant entered a plea of not true. Thereafter, the appellant orally urged that the second count of the motion be dismissed because "deviate sexual intercourse [was] not specific enough to inform the probationer of the allegations against him." The oral motion, which was made after the proceedings in the revocation hearing had commenced, was not timely asserted and the

court did not abuse its discretion in failing to grant the motion. See *Tone v. State*, 505 S.W.2d 300 (Tex.Cr.App.1973); *Dempsey v. State*, 496 S.W.2d 49 (Tex.Cr.App.1973). We do not reach the appellant's challenges with regard to the other alleged probation violation.

The trial court did not abuse its discretion in revoking probation. The judgment is affirmed.

CLINTON, Judge, dissenting.

The factual question of whether appellant and his companion were in a public place is a close one. In my judgment finding the answer becomes even more difficult when two specified factual items not particularized in the opinion of the Court are considered: Park Police Officer Garrett spotted the car at 5:40 a. m. dark, and not until he manuevered his patrol unit in such a way that its headlights were shining "up there" was he able to see two heads in the car.[1] It is also true that in the entire fifteen hundred acres of the park which Garrett was patrolling that morning this car was the only one parked in it.

Unlike the information in *Kirtley v. State*, 585 S.W.2d 724 (Tex.Cr.App.1979), expressly describing the public place as "an automobile on Lake June Road...," *id.*, at 725, the motion to revoke probation in the case at bar says merely that appellant engaged in the alleged conduct "in a public place." The questions put to Garrett and his answers seem more directed to showing that the *area* in the park is a public place.[2]

A: It's a public park. Family activities and so forth.

\* \* \* \* \* \*

Q: The area you found them in is that an area the public has access to in Memorial Park?
A: Yes."

The main thoroughfare alongside the park is Memorial Drive. Garrett conceded that none of the area where the car with appellant and friend was found was "observable" from Memorial Drive.

---

1. Garrett testified, "The back of my car was on the pavement. I pulled up directly with their car with my headlights shining up there." It was dark and when Garrett first stopped his unit he could see the top part of the head of the companion up against the door and that there was another head in there, but "I couldn't tell what they were doing from my sitting position in my car." Only when he left his unit and walked around the other car would Garrett see that appellant was "apparently having sexual intercourse" with his companion.

2. "Q: What kind of a park is Memorial Park? What kind of activities go on there?

However, now in its appellate brief the State urges and the Court finds that there is sufficient evidence for the trial court, as trier of the fact, to find that the car was then "a 'public place' within the contemplation of the statute."

If the "status of the roadway as public does not extend to a vehicle traveling on that road," during the middle of the day, *Kirtley*, supra, at 725, it follows that the public status of the park and an area within it do not extend to a car parked in the area in the dark of night. Also, in *Kirtley* the Court opined that whether a motor vehicle is a public place depends on the surrounding circumstances, pointing out that one traveling at high speed at night may not be a public place, though on a public road. This example serves to illustrate, I take it, that to which the public does not have "access." By a parity of reasoning it seems to me that the public does not have "access" to the interior of a car parked in a dark place which cannot be seen without walking around it and viewing the interior with aid of headlights from a vehicle situated for that purpose.

The Court held as much under the former penal code in *McCrary v. State*, 131 Tex. Cr.R. 233, 97 S.W.2d 236 (1936). One Brown operated a service station on the outskirts of a small village called Anna;[3] when the station was closed at night he used it as his residence. The closest residence was seventy five yards away. Between the station and the public road was a driveway, the view to which from the highway was obstructed by two brick posts and two gasoline pumps. About 2:00 a. m. a woman came to the station in a car and parked in the driveway. Brown came out in his underclothes, got in the car and engaged in sexual intercourse. The car was solid halfway up and closed; the night was dark and the lights were out. No cars were passing along the highway. As McCrary, the town marshal, approached he "saw the car shaking and heard grunting." Reaching it he flashed his light inside and discovered the pair in the act of sexual intercourse. McCrary placed them under arrest, and the legality of his doing so was an issue in the case. The trial court instructed the jury that the arrest was illegal.

McCrary sought to justify his arresting the pair on grounds they were committing an offense against the public peace in that they were indecently exposing their persons in a public place, in violation of what was then Article 474, Penal Code (1925).[4] The Court rejected the justification, largely because of the location of the car McCrary was unable to see the parties "until he had flashed his light in the car."[5]

This decision, as well as *Kirtley*, demonstrates that the interior of a motor vehicle is not converted to a "public place" when the activity within is not readily visible to third persons without the aid of purposefully directed artificial lighting. Accordingly, I am unable to agree that at 5:40 a. m. on the occasion in question, the automobile in which appellant was found had become a public place.

I respectfully dissent.

---

3. It was thus a public place by day since, in the words of old Article 475, Penal Code (1925), it was a "store... or any place... to which people commonly resort for purposes of business, amusement or other lawful purpose."

4. "Whoever shall go into or near any public place or... near any private house... and shall... expose his or her person to another person..."

5. The Court alluded to the fact the premises belonged to Brown, but that element was clearly not decisive, for the offense McCrary claimed could also be committed "near any private house," see note 4.