**Glen Ray HONEYCUTT, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. B14–84–481–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 28, 1985.

Mike DeGuerin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston Cochran, Jr., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

Glen Honeycutt appeals his conviction for the misdemeanor offense of public lewdness pursuant to TEX.PENAL CODE ANN. § 21.07 (Vernon 1974). The judge assessed punishment at thirty days in jail and a $500 fine. The jail term was probated. Appellant presents three grounds of error: (1) insufficient evidence to corroborate the testimony of an accomplice witness; (2) insufficient evidence that the offense occurred in a public place; and (3) trial court error in overruling appellant's motion to quash the criminal information.

Appellant encountered the accomplice witness, James Simpson, at approximately 2:00 a.m. in a "Mr. Peepers" adult bookstore at Airline and Tidwell in Harris County. The men exited the bookstore and entered Simpson's car parked in the lot behind the store. They lowered their slacks and underwear below their knees and engaged in mutual masturbation.

Houston Police Officers Coffman and Britt subsequently entered the bookstore to "check for vice activity." Officer Britt arrested one person inside the store while Coffman checked the back parking lot. Coffman testified that he noticed two people inside Simpson's car, although initially

he could not tell whether they were male or female. As he walked up to the car, he saw that both occupants had lowered their slacks and underwear and that the appellant was holding his own penis in his hand. Coffman shined a flashlight into the car and observed Simpson pull his arm back, although he could not tell where Simpson pulled his arm back from.

After both men were arrested, Simpson cooperated with the police by giving a full statement and testifying as an accomplice witness at trial. Simpson was charged with the lesser offense of disorderly conduct, specifically indecent exposure, while the appellant elected to proceed to trial.

We first address the second ground of error alleging that the State produced insufficient evidence that appellant's conduct occurred in a public place. The standard for reviewing the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim. App.1984) (en banc). We will now review the evidence relevant to this issue.

The Mr. Peepers bookstore and a vacant building located next door face Airline Drive. A narrow driveway separates the two buildings, leading to a large parking area in back. Simpson testified that he drove his car into the parking area and turned left to park behind the vacant building next to a fence, intending to conceal his car from the view from the street. The area was dark with no lights on. The State contends that it produced sufficient evidence that the sexual activity occurred in a public place because of the following testimony: (1) there were no gates or barriers preventing public access to the parking lot; (2) appellant's car and possibly one other car were also parked in the lot some distance away; and (3) Officer Coffman could see inside the car without a flashlight as he stood next to it.

The Penal Code defines "public place" as follows:

[A]ny place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops.

TEX.PENAL CODE ANN. § 1.07(a)(29) (Vernon 1974). However, the Texas Court of Criminal Appeals has indicated that the determination of whether the interior of a car is a public place must be made on a case-by-case basis. In 1936, the court held that a car parked in the driveway of a darkened filling station at 2:00 a.m. on a deserted highway was not a public place. *McCrary v. State*, 131 Tex.Crim. 233, 97 S.W.2d 236 (1936). In 1979, the court indicated that while a public road itself is a public place, the interior of a car as it travels on the road is not necessarily a public place. In discussing the public nature of a car's interior, the court stated:

The difficulty and, indeed, the impossibility of establishing a per se rule in cases such as appellant's can be illustrated best by example. There can be little doubt that a convertible automobile participating in a parade down main street is a public place. The parade spectators "have access" to the interior of the vehicle because they are able to see the interior of the auto. However, the same auto traveling at high speed at night on a public road may not be a public place.

*Kirtley v. State*, 585 S.W.2d 724, 726 (Tex. Crim.App.1979). The most recent case from the Court of Criminal Appeals on this subject appears to be *Longoria v. State*, 624 S.W.2d 582 (Tex.Crim.App.1981). In this case, the court held that a car parked ten to twenty feet off the main paved road of a Houston public park after midnight with its interior in open view was "readily accessible to the public ... and therefore is a public place under Penal Code, Sec. 1.07(a)(29)." *Id.* at 584.

The facts of appellant's situation do not exactly coincide with the facts in any of

the cases listed above. Simpson's car was parked in back of an abandoned building next to a fence in the dark at approximately 2:00 a.m. Technically, the public did have access to that parking lot, and a person who walked up to the car and peered inside could view lewd activity without the aid of artificial light. However, it is highly unlikely that any member of the public, indeed highly unlikely that anyone but law enforcement officers, would approach a car parked behind a vacant building next to a fence in a dark parking lot at Airline and Tidwell at 2:00 a.m. *See also Liebman v. State*, 652 S.W.2d 942, 946 and 948–949 (Tex.Crim.App.1983) (en banc). Therefore, in applying the law to the facts of this case, appellant's behavior does not appear to have been conducted in a public place. Finding insufficient evidence in the record to convict appellant of the offense charged, we reverse the conviction and remand the case to the trial court with instructions to enter a verdict of acquittal. Because of our disposition of this ground of error, we need not address the remaining two grounds.

Reversed and remanded.