COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT 
WORTH
 
NO. 2-04-463-CR
  
  
STEVEN 
JAY CERVAS                                                           APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 6 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Pursuant 
to a plea bargain, Appellant Steven Jay Cervas pled guilty to DWI-repetition, 
and the trial court sentenced him to forty-five days in jail and assessed a fine 
of $750. Appellant preserved his right to challenge the trial court’s denial 
of his pretrial motion to suppress. In three points, he contends that the trial 
court erred by denying his motion to suppress because (1) the warrantless 
detention was not justified by the community caretaking exception; (2) the 
arrest was not based on probable cause, in that the facts did not sufficiently 
establish that Appellant was driving; and (3) the detention and arrest were not 
based on probable cause, in that the facts did not sufficiently establish that 
either Appellant or the vehicle was located in a public place. Because we hold 
that the trial court properly denied Appellant’s motion to suppress, we affirm 
the trial court’s judgment.
        Gary 
Brooks, a railroad employee, reported to Officer Willis, a Blue Mound police 
officer, that a vehicle with a flat tire was driving on railroad tracks. At 
approximately 3:00 a.m., while Officer Willis was searching for the errant 
vehicle, he noticed Appellant parked off the shoulder of Blue Mound Road, 
partially in the ditch. The vehicle’s headlights were on. Officer Willis 
approached Appellant who rolled down his window, and through the open window 
Willis noticed an odor of alcohol emitting from Appellant. Willis then asked 
Appellant for his driver’s license and walked around the front of the vehicle, 
where he noticed that the front right tire was blown out.
        A 
second officer, Officer McTaggart of the Saginaw Police Department, arrived at 
the scene and talked to Appellant. Appellant said he was headed home from a 
club. McTaggart asked Appellant to exit the vehicle and noted that Appellant’s 
balance was unsteady and that he almost fell down. McTaggart administered a 
field sobriety test to Appellant and determined that Appellant was intoxicated. 
At that time, McTaggart placed Appellant under arrest.
        Appellant 
filed a form motion to suppress, and the trial court heard the motion before 
trial. Neither the motion nor Appellant’s brief directs this court to specific 
evidence that should have been suppressed but was not.  Appellant argues 
globally that “Appellant’s motion to suppress should have been granted by 
the trial court and all of the illegally obtained evidence should have been 
suppressed.”  The brief does not adequately set out Appellant’s 
complaints because we cannot know what evidence he complains of. In the interest 
of justice, however, we shall address Appellant’s points as we understand 
them.
        Appellant 
complains that he was detained without warrant or probable cause.  He 
argues that when the police originally approached his vehicle, instead of a 
voluntary encounter, an illegal detention occurred.  He argues that the 
encounter was not voluntary because Appellant was not seeking any assistance or 
help from the officer.  This is not the standard we apply.
        When 
the police officer approached Appellant’s vehicle, there was no seizure; there 
was an encounter.[2]  An encounter does not have 
to be invited.  A person is free to talk to a police officer or free to 
refuse to talk to a police officer during an encounter.[3]  
In this case, Appellant was in his vehicle. He could have rolled up his window.
        Once 
the officer smelled Appellant’s breath, the officer had reasonable suspicion 
to believe that Appellant was intoxicated.  The officer asked Appellant to 
exit the vehicle.  Reasonably, most people would not feel they were free to 
leave at this point.  While there was reasonable suspicion to investigate, 
there was not probable cause to arrest yet.  The encounter at this point 
went from a mere encounter to a Terry detention.[4]  
Appellant was free to refuse to participate in the field sobriety test.[5]  Instead, he did participate, generating probable 
cause for the arrest.
        Appellant 
argues that the evidence is insufficient to show that he was operating the motor 
vehicle. A peace officer may arrest without a warrant when he sees a crime 
committed in his presence, even if that crime is a misdemeanor.[6]  
Article 14.03 of the Texas Code of Criminal Procedure authorizes an arrest 
without warrant of “persons found in suspicious places and under circumstances 
which reasonably show that such persons have been guilty of some . . . offense 
under Section 49.02, Penal Code.”[7]  Section 
49.02 of the Texas Penal Code states that “[a] person commits an offense if 
the person appears in a public place while intoxicated to the degree that the 
person may endanger the person or another.”[8]  
Thus, the officer was authorized to arrest Appellant if the circumstances 
reasonably showed probable cause that he was guilty of public 
intoxication.  Probable cause exists where the facts and circumstances 
within the officer's knowledge and of which he has trustworthy information are 
sufficient in themselves to warrant a person of reasonable caution to believe an 
offense has been committed.[9]  It is immaterial 
that McTaggart actually arrested Appellant for driving while intoxicated.[10]
        When 
the officer observed Appellant and determined that he was intoxicated, the 
officer viewed the commission of the offense of public intoxication. It does not 
matter that the vehicle was “sitting off the shoulder of the road, . . . down 
into the ditch a little bit.”  Blue Mound Road, a public thoroughfare, is 
a public place.[11]  It does not matter that 
Appellant was inside his vehicle when the officer asked him to exit and to 
perform the field sobriety tests.  When a vehicle is in a public place, 
both the interior and the area outside of the vehicle are public places.[12]  Additionally, because the officer was authorized 
to arrest Appellant for committing a crime in his presence, the trial court did 
not need to resort to the community caretaking exception to properly uphold the 
arrest.
        Applying 
the appropriate standard of review,[13] we hold that 
the trial court did not abuse its discretion in denying Appellant’s motion to 
suppress because the detention of Appellant was supported by sufficient 
reasonable suspicion and the arrest was supported by sufficient probable cause. 
We overrule Appellant’s three points on appeal and affirm the trial court’s 
judgment.
  
  
                                                          LEE 
ANN DAUPHINOT
                                                          JUSTICE
 
  

PANEL 
A:   CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 7, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Hunter v. State, 955 S.W.2d 102, 104 (Tex. Crim. App. 1997) (citing Florida 
v. Bostick, 501 U.S. 429, 434-35, 439, 111 S. Ct. 2382, 2386-89 (1991)).
3.  
See id.
4.  
See Terry v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884-85 (1969).
5.  
See Perales v. State, 117 S.W.3d 434, 439 (Tex. App.—Corpus Christi 
2003, pet. ref’d).
6.  
Tex. Code Crim. Proc. Ann. art. 
14.01(b) (Vernon 2005).
7.  
Id. art. 14.03(a)(1).
8.  
Tex. Pen. Code Ann. § 49.02(a) 
(Vernon 2003).
9.  
Beck v. Ohio, 379 U.S. 89, 91, 85 S. Ct. 223, 225 (1964); Hughes v. 
State, 878 S.W.2d 142, 154 (Tex. Crim. App. 1992) (op. on reh'g), cert. 
denied, 511 U.S. 1152 (1994).
10.  
See Peddicord v. State, 942 S.W.2d 100, 109-10 (Tex. App.—Amarillo 
1997, no pet.).
11.  
See Bostick, 501 U.S. at 434, 111 S. Ct. at 2386; Longoria v. State, 
624 S.W.2d 582, 584 (Tex. Crim. App. 1981).
12.  
See Longoria, 624 S.W.2d at 584.
13.  
See State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Carmouche 
v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State, 
955 S.W.2d 85, 89 (Tex. Crim. App. 1999).