Steven Jay Cervas v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-463-CR

STEVEN JAY CERVAS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 6 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Pursuant to a plea bargain, Appellant Steven Jay Cervas pled guilty to  DWI-repetition, and the trial court sentenced him to forty-five days in jail and assessed a fine of $750.  Appellant preserved his right to challenge the trial court’s denial of his pretrial motion to suppress.  In three points, he contends that the trial court erred by denying his motion to suppress because (1) the warrantless detention was not justified by the community caretaking exception; (2) the arrest was not based on probable cause, in that the facts did not sufficiently establish that Appellant was driving; and (3) the detention and arrest were not based on probable cause, in that the facts did not sufficiently establish that either Appellant or the vehicle was located in a public place.  Because we hold that the trial court properly denied Appellant’s motion to suppress, we affirm the trial court’s judgment.

Gary Brooks, a railroad employee, reported to Officer Willis, a Blue Mound police officer, that a vehicle with a flat tire was driving on railroad tracks.  At approximately 3:00 a.m., while Officer Willis was searching for the errant vehicle, he noticed Appellant parked off the shoulder of Blue Mound Road, partially in the ditch.  The vehicle’s headlights were on.  Officer Willis approached Appellant who rolled down his window, and through the open window Willis noticed an odor of alcohol emitting from Appellant.  Willis then asked Appellant for his driver’s license and walked around the front of the vehicle, where he noticed that the front right tire was blown out.

A second officer, Officer McTaggart of the Saginaw Police Department, arrived at the scene and talked to Appellant.  Appellant said he was headed home from a club.  McTaggart asked Appellant to exit the vehicle and noted that Appellant’s balance was unsteady and that he almost fell down.  McTaggart administered a field sobriety test to Appellant and determined that Appellant was intoxicated.  At that time, McTaggart placed Appellant under arrest.

Appellant filed a form motion to suppress, and the trial court heard the motion before trial.  Neither the motion nor Appellant’s brief directs this court to specific evidence that should have been suppressed but was not.  Appellant argues globally that “Appellant’s motion to suppress should have been granted by the trial court and all of the illegally obtained evidence should have been suppressed.”  The brief does not adequately set out Appellant’s complaints because we cannot know what evidence he complains of.  In the interest of justice, however, we shall address Appellant’s points as we understand them.

Appellant complains that he was detained without warrant or probable cause.  He argues that when the police originally approached his vehicle, instead of a voluntary encounter, an illegal detention occurred.  He argues that the encounter was not voluntary because Appellant was not seeking any assistance or help from the officer.  This is not the standard we apply.

When the police officer approached Appellant’s vehicle, there was no seizure; there was an encounter.
(footnote: 2)  An encounter does not have to be invited. A person is free to talk to a police officer or free to refuse to talk to a police officer during an encounter.
(footnote: 3)  In this case, Appellant was in his vehicle.  He could have rolled up his window.

Once the officer smelled Appellant’s breath, the officer had reasonable suspicion to believe that Appellant was intoxicated.  The officer asked Appellant to exit the vehicle.  Reasonably, most people would not feel they were free to leave at this point.  While there was reasonable suspicion to investigate, there was not probable cause to arrest yet.  The encounter at this point went from a mere encounter to a 
Terry
 detention.
(footnote: 4)  Appellant was free to refuse to participate in the field sobriety test.
(footnote: 5)  Instead, he did participate, generating probable cause for the arrest.

Appellant argues that the evidence is insufficient to show that he was operating the motor vehicle.  A peace officer may arrest without a warrant when he sees a crime committed in his presence, even if that crime is a misdemeanor.
(footnote: 6)  Article 14.03 of the Texas Code of Criminal Procedure authorizes an arrest without warrant of “persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some . . . offense under Section 49.02, Penal Code.”
(footnote: 7)  Section 49.02 of the Texas Penal Code states that “[a] person commits an offense if the person appears in a public place while intoxicated to the degree that the person may endanger the person or another.”
(footnote: 8)  Thus, the officer was authorized to arrest Appellant if the circumstances reasonably showed probable cause that he was guilty of public intoxication.  Probable cause exists where the facts and circumstances within the officer's knowledge and of which he has trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe an offense has been committed.
(footnote: 9)  It is immaterial that McTaggart actually arrested Appellant for driving while intoxicated.
(footnote: 10)
 When the officer observed Appellant and determined that he was intoxicated, the officer viewed the commission of the offense of public intoxication.  It does not matter that the vehicle was “sitting off the shoulder of the road, . . . down into the ditch a little bit.”  Blue Mound Road, a public thoroughfare, is a public place.
(footnote: 11)  It does not matter that Appellant was inside his vehicle when the officer asked him to exit and to perform the field sobriety tests.  When a vehicle is in a public place, both the interior and the area outside of the vehicle are public places.
(footnote: 12)  Additionally, because the officer was authorized to arrest Appellant for committing a crime in his presence, the trial court did not need to resort to the community caretaking exception to properly uphold the arrest.

Applying the appropriate standard of review,
(footnote: 13) we hold that the trial court did not abuse its discretion in denying Appellant’s motion to suppress because the detention of Appellant was supported by sufficient reasonable suspicion and the arrest was supported by sufficient probable cause.  We overrule Appellant’s three points on appeal and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 7, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See Hunter v. State
, 955 S.W.2d 102, 104 (Tex. Crim. App. 1997) (citing 
Florida v. Bostick
, 501 U.S. 429, 434-35, 439, 111 S. Ct. 2382, 2386-89 (1991)).

3:
See id.

4:
See Terry v. Ohio
, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884-85 (1969).

5:
See Perales v. State
, 117 S.W.3d 434, 439 (Tex. App.—Corpus Christi 2003, pet. ref’d).

6:
Tex. Code Crim. Proc. Ann.
 art. 14.01(b) (Vernon 2005).

7:
Id. 
art. 14.03(a)(1).

8:
Tex. Pen. Code Ann.
 § 49.02(a) (Vernon 2003).

9:
Beck v. Ohio
, 379 U.S. 89, 91, 85 S. Ct. 223, 225 (1964); 
Hughes v. State
, 878 S.W.2d 142, 154 (Tex. Crim. App. 1992) (op. on reh'g), 
cert. denied
,
 511 U.S. 1152 (1994).

10:
See Peddicord v. State
, 942 S.W.2d 100, 109-10 (Tex. App.—Amarillo 1997, no pet.).

11:
See Bostick
, 501 U.S. at 434, 111 S. Ct. at 2386; 
Longoria v. State
,  624 S.W.2d 582, 584 (Tex. Crim. App. 1981).

12:
See Longoria
, 624 S.W.2d at 584.

13:
See State v. Ross
, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); 
Carmouche v. State
,
 
10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1999).