Opinion issued October 1,
2009

 

 

 

 

 



 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.   01-09-00114-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



JOHN ANTWON PETE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 1193081

 

 



MEMORANDUM OPINION

A jury convicted John Antwon Pete of
possession with the intent to deliver cocaine, a controlled substance, weighing
more than one and less than four grams.  See Tex. Health & Safety Code Ann. §§ 481.102(3)(D) (Vernon
Supp. 2008), 481.112(c) (Vernon
2003).  Pete pleaded true to two enhancements, and the trial court assessed
punishment of twenty-five years’ imprisonment.  Pete appeals, claiming the
trial court erred in refusing to give an article 38.23(a) instruction[1]
because a factual issue exists as to whether the interior of the car in which
Pete sat in constitutes a “public place.”  Pete, however, failed to present any
evidence affirmatively disputing that the car was a public place.  We therefore
affirm the judgment of the trial court.

Background

On February 22, 2008 around 1:00 a.m.,
Officer M. Daniel was patrolling the Bristol apartment complex in a high crime
area of South Houston when he saw a lone vehicle sitting in the parking lot.  He
observed two people inside the car either shaking hands or exchanging an
object.  He turned into the lot to investigate, followed by Officer J. Sanchez
who was also patrolling the area.  Officer Daniel and Officer Sanchez
approached the car to make sure everything was all right.  Officer Daniel spoke
to Pete, who was in the passenger seat of the vehicle.  Pete had bloodshot
eyes, enlarged pupils, appeared disoriented, and did not respond to Officer Daniel’s
questions.

Based on Pete’s appearance and
demeanor, Officer Daniel decided to arrest Pete for public intoxication.  As
Pete exited the car, he kept his hand in his pocket and refused to remove it.  Pete
resisted Officer Daniel’s attempts to handcuff him, but Officer B. Ramirez
arrived at the scene to help take Pete into custody.  Officer Daniel then
performed a search of Pete incident to the arrest and found a matchbox
containing three grams of crack cocaine inside Pete’s right front pocket.

Officer Daniel and Officer Sanchez
testified at Pete’s trial regarding the incident.  Both officers testified that
Pete was arrested in a public place as required by the public intoxication
statute.[2] 
See Tex. Penal Code Ann. § 49.02(a) (Vernon Supp. 2008).  During cross-examination, defense counsel asked
Officer Sanchez hypothetical questions that Pete claims create a factual issue
as to whether the inside of the car is a public place.  First, counsel asked if
the public would have access to his car if it was parked in a Target parking
lot.  In response, Officer Sanchez testified that the public would not have
access to his car.  Second, defense counsel presented a situation in which one
person acts as a designated driver for an intoxicated person and stops at a Wal-Mart
on the way home.  Counsel then asked if the purpose of having a designated
driver is defeated if this car is considered a public place.  Officer Sanchez
replied, “I guess so.”  At the close of evidence, defense counsel moved to
suppress any controlled substance seized incident to Pete’s arrest for public
intoxication on the theory that the arrest was improper because the car was not
a public place.  Defense counsel then requested an article 38.23(a) jury question
asking that the jury find whether the interior of the vehicle was a public
place.  See Tex. Crim. Proc. Code
Ann. art. 38.23(a) (Vernon 2005).  The trial court denied the request.  The
proposed jury issue stated:

A person
commits an offense if the person appears in a public place        while
intoxicated to the degree that the person may endanger the person or another,
then you must determine under the facts of this case if the interior of the
vehicle in which the defendant was a passenger was a public place as defined as
follows:  Public place means anyplace to which the public or a substantial
group of the public has access and includes but is not limited to streets,
highways,      and the common areas of schools, hospitals, apartment houses,
office buildings, transport facilities, and shops. 

If you find
from the evidence beyond a reasonable doubt or you have a reasonable doubt thereof
that the interior of the vehicle in which the defendant was a passenger was not
a public place as defined above, then you will disregard any evidence obtained
as a result of the defendant’s arrest for public intoxication.

The trial court denied the requested
question, holding that the defense had not raised a fact issue as to whether
the interior of the car was a public place.

Discussion

          To determine whether the
jury charge contains reversible error, we first decide whether error exists.  Middleton
v. State, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003).  If we conclude that
it does, we examine whether the error harmed the defendant.  Id.

          Under article 38.23(a), a
defendant must meet three requirements before he is entitled to a jury instruction: 
(1) The evidence heard by the jury must raise an issue of fact; (2) the
evidence on that fact must be affirmatively contested; and (3) that contested
fact must be material to the lawfulness of the challenged conduct in obtaining
the evidence.  Madden v. State, 242 S.W.3d 504, 510 (Tex. Crim. App.
2007).  If no factual dispute exists, the legality of the conduct is determined
by the trial court alone, as a question of law.  Id. at 510.  Questions
on cross-examination cannot create the required conflict; only a witness’s
answers, which are evidence, may create a dispute.  Id. at 514.

Pete cites Kirtley v. State
for the proposition that the inside of a car is not per se a public place, and
thus presents a question for the fact-finder.  585 S.W.2d 724, 726 (Tex. Crim.
App. 1979).  In Kirtley, the Court of Criminal Appeals addressed whether
the “public” element of the public lewdness statute was met under circumstances
in which the defendant, while driving his car on a public road, reached across
the seat and touched his female passenger’s breast.  Id. at 725.  In
holding that the record did not support the assertion that the car was a public
place, the court reasoned that the car was not a commercial establishment, and,
while in motion, was not readily accessible to the public.  Id. at 726.

          Since Kirtley was
decided, both the United States Supreme Court and the Texas Court of Criminal
Appeals have weighed in on whether a person has a reasonable expectation of
privacy inside a car when it is parked in a public place.  See Texas v.
Brown, 460 U.S. 730, 740, 103 S. Ct. 1535, 1542 (1983) (holding that
defendant had “no legitimate expectation of privacy shielding that portion of
the interior of an automobile which may be viewed from outside the vehicle by
inquisitive passersby or diligent police officers”); Longoria v. State,
624 S.W.2d 582, 584 (Tex. Crim. App. 1981) (holding that interior of car parked
ten to twenty feet off the main paved road of a Houston public park after
midnight was “readily accessible to the public . . . and
therefore is a public place under the Penal Code”).

          The Penal Code defines as a
“public place” as any place where a substantial group of the public has access,
including, but not limited to, the common areas of apartment houses.  Tex. Penal Code Ann. § 1.07(a)(40)
(Vernon Supp. 2008).  These include the parking lots and sidewalks.  Evans
v. State, 995 S.W.2d 284, 286 (Tex. App.—Houston [14th Dist.] 1999, pet.
ref’d) (citing Bower v. State, 769 S.W.2d 887, 897–98 (Tex. Crim. App.
1989), overruled on other grounds by Heitman v. State, 815 S.W.2d 681
(Tex. Crim. App. 1991)); Cuero v. State, 845 S.W.2d 387, 391–92 (Tex.
App.—Houston [1st Dist.] 1992, pet. ref’d) (holding that defendant had no
reasonable expectation of privacy while in condominium complex parking lot
surrounded by security fence).  These authorities together demonstrate that the
interior of a car in an apartment parking lot is a public place should it be
viewed from the outside by diligent police officers.  See Brown, 460 U.S.
at 740, 103 S. Ct. at 1542.  The officers’ testimony, given in response to
defense counsel’s hypothetical questions, do not create a fact issue because it
is undisputed that Pete was in a parked car in a public place in view of the
patrolling officers.  Consequently, the trial court correctly rejected the
requested jury question.

Conclusion

          Pete failed to raise a
factual issue as to whether the interior of the car constituted a public place
under these circumstances, and thus the trial court did not err in refusing the
requested jury question.  We therefore affirm the judgment of the trial court.

 

 

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Bland and Massengale.

Do not publish.  Tex. R. App. P. 47.2(b).









[1] Article
38.23(a) reads:

 

No evidence obtained by an officer or other person in
violation of any provisions of the Constitution or laws of the State of Texas,
or of the Constitution or laws of the United States of America, shall be
admitted in evidence against the accused on the trial of any criminal case.

 

In any case where the legal evidence raises an issue
hereunder, the jury shall be instructed that if it believes, or has a
reasonable doubt, that the evidence was obtained in violation of the provisions
of this Article, then and in such event, the jury shall disregard any such
evidence so obtained.

 

Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005).





[2] The relevant portion of the public intoxication
statute reads:

 

A person commits an offense if the person appears in a
public place while intoxicated to the degree that the person may endanger the
person or another.

 

Tex. Penal Code Ann. § 49.02(a) (Vernon Supp. 2008).