ACCEPTED
06-17-00191-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/9/2018 3:03 PM
DEBBIE AUTREY
CLERK

Cause No. 06-17-00191-CR

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
1/9/2018 3:03:55 PM
DEBBIE AUTREY
Clerk

IN THE COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS

AT TEXARKANA, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TYLER COLEMAN-CONE

VS.

THE STATE OF TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*

AMENDED APPELLATE BRIEF PURSUANT TO ANDERS V. CALIFORNIA

Appealed from the 71st Judicial District Court of

Harrison County, Texas

Trial Court No. 15-0419X

Appellant does not request oral argument.

Cause No. 06-17-00191-CR

| | | |
|---|---|---|
| TYLER COLEMAN-CONE | § | IN THE COURT OF |
| VS. | § | APPEALS, SIXTH DISTRICT |
| THE STATE OF TEXAS | § | STATE OF TEXAS |

## NAMES OF ALL PARTIES AND ATTORNEYS

Pursuant to Texas Rule of Appellate Procedure 38.1(a), Appellant certifies that the following is a true and correct list of all parties to the trial court's final judgment, and their counsel:

TYLER COLEMAN-CONE, Appellant
 1113 Larry Drive
Marshall, Texas 75670

The Honorable Brad Morin,  Trial Judge
200 W. Houston
Marshall, Texas 75670

Shawn Connally, Harrison County  Assistant District Attorney at trial
200 W. Houston
Marshall, Texas 75670

Rick Hurlburt, Attorney for Appellant on Plea
222 N. Fredonia St.
Longview, Texas 75601

Laura Carpenter Harrison County Assistant District Attorney on Appeal
200 W. Houston
Marshall, Texas 75670

Rick Berry , Attorney for TYLER COLEMAN-CONE, at plea of true
111 W. Austin St.
Marshall, Texas 75670

Scott Rectenwald, Appellate  attorney for TYLER COLEMAN-CONE
110 W. Fannin St.
Marshall, Texas 75670

# TABLE OF CONTENTS

NAMES OF ALL PARTIES ................................................................... 2

TABLE OF CONTENTS ...................................................................... 3

INDEX OF AUTHORITIES ................................................................. 4

PRELIMINARY STATEMENT .............................................................. 5

ARGUABLE POINTS  PRESENTED ....................................................... 5

STATEMENT OF FACTS ..................................................................... 5

ARGUABLE POINT NUMBER ONE ....................................................... 8

      SUMMARY OF ARGUMENT ..................................................... 8

      ARGUMENT AND AUTHORITIES ............................................ 8


ARGUABLE POINT NUMBER TWO ....................................................... 10

      SUMMARY OF ARGUMENT ..................................................... 10

      ARGUMENT AND AUTHORITIES ............................................ 11

PRAYER ......................................................................................... 13

CERTIFICATE OF SERVICE ............................................................... 14

# INDEX OF AUTHORITIES

**CASE AUTHORITIES:**

Allbright v. State, 13 S.W.3d 817 (Tex.App.-Fort Worth 2000, pet. refused) ................ 10

Davis v. State, 905 S.W.2d 655, 664-65 (Tex. App. -- Texarkana 1995, pet. ref'd)........... 9

Ex parte Chavez, 213 S.W.3d 320, 323–24 (Tex.Crim.App.2006) ................................... 9

Gordon v. State, 575 S.W.2d 529, 531 (Tex. Crim. App. [Panel Op.] 1978)..................... 12

Jackson v. State, 989 S.W.2d 842 (Tex.App.–Texarkana 1999, no pet.)........................ 8, 9,10

Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973)........................................ 8

Labelle v. State, 720 S.W.2d 101, 108-09 (Tex. Crim. App. 1986).................................. 12

Latham v. State, 20 S.W.3d 63 (Tex.App.–Texarkana 2000, pet. ref'd)........................... 8, 10

Longoria v. State, 624 S.W.2d 582, 584 (Tex. Crim. App. 1981).................................... 12

Martinez v. State, 493 S.W.2d 954, 955 (Tex. Crim. App. 1973) .................................... 12

Rodriguez v. State, 951 S.W.2d 199, 204 (Tex. App.-Corpus Christi 1997, no pet.)....... 12

Solem v. Helm, 463 U.S. 277, 292, 103 S. Ct. 3001, 77 L. Ed. 2d 637, 650 (1983).......... 9

**STATUTES AND CODES**:

Texas Penal Code §49.07 ................................................................................... 6

T.R.A.P. 33.1(a)(1)(A).......................................................................................... 9

U.S. Const., amend. VIII ..................................................................................... 8

## PRELIMINARY STATEMENT OF THE CASE

Appellant TYLER COLEMAN-CONE appeals his conviction on a count of intoxication assault. On March 20, 2017, Appellant plead guilty, and pursuant to a plea agreement received a ten year sentence probated for a period of ten years. (CR Vol. I, Page 32) On July 17, 2017, the State filed an Application for Revocation of Probation, ( CR Vol. I, Pages 41), and later a First Amended Application for Revocation of Probation on July 25, 2017. (CR Vol. I, Page 54. On September 13, 2017, the Court held a hearing on the State's Motion, and the Appellant entered a plea of true to a single allegation. (RR Vol. I, Pages 8-9) Following testimony from the Appellant's probation officer and Appellant, the Court revoked the Appellant's probation, and sentenced the Appellant to seven years imprisonment. (RR Vol. II, Page 22) This is a direct appeal.

## ARGUABLE ISSUES EVALUATED

### ISSUE NUMBER ONE

Was the Appellant's sentence disproportionate punishment for the Appellant's offense so as to amount to cruel and unusual punishment under the Eighth Amendment to the United States Constitution?

### ISSUE NUMBER TWO

Did the Court err in revoking the Appellant's probation when the language describing the condition violated in the State's Motion to Revoke Supervision failed to track the language of the Court's Judgment and Sentence, and when the allegation of the act relied upon as a violation

failed to allege an actual violation of the Court's conditions of probation?

## STATEMENT OF FACTS

Appellant was indicted on a single count of Intoxication Assault, Tex. Pen. Code 49.07. (CR Vol. I, Page 52)   On March 20, 2017,  Appellant plead guilty pursuant to a plea agreement, and the Court found the Appellant guilty, sentencing  him to ten years confinement in the Texas Department of Corrections and also suspending the imposition of that sentence and  placing the Appellant on probation for a period of ten years under various terms and conditions.   (CR Vol. I, Pages 32-36)    The Court's conditions of probation included,  among other things, that the Defendant "Avoid injurious or vicious habits, as well as persons or places of disreputable or harmful character..." and that the Defendant should not, "consume or possess....unlawful controlled substances, narcotic, dangerous drugs, marijuana..."   (CR Vol. I, Page 34, conditions 2 and 10).       On July 17, 2017, the State filed a motion to revoke supervision, alleging that Appellant had violated Condition (2) of his probation, that being to  "Avoid injurious or vicious habits, including the use of alcohol, controlled substances or habit forming drugs...." and alleging his violation to be : "... the Defendant, Tyler Dne'aundre Coleman-Cone, admits to using marijuana on 6/15/17." ( CR Vol. I, Pages 41-43)   On July 25, 2017, the State filed an amended motion to revoke supervision, adding two additional allegations. (CR Vol. I, Pag. 54-56)    The Court held a hearing on the State's motion to revoke probation (RR Vol. II, Page 4).   The State abandoned all allegations other than that relating to condition (2) and the Appellant entered a plea of true to the allegation  that he had violated Condition (2) of his probation.  (RR Vol. II, Pages 8)

The State called Community Supervision Officer Halle Biery as its sole witness.(RR Vol. II, Page 9). Biery testified that Appellant had been non-compliant with probation from the beginning. (RR Vol. II, Page 9) Biery stated that Appellant had continued to use marijuana during his probation, and at one point she made him agree to a modification of probation for three days in jail in an effort to make him realize that he could not continue to use marijuana. (RR Vol. II, Page 10). Appellant reported to jail, but also admitted to using marijuana before reporting to jail, at which time Biery filed a violation report. (RR Vol. II, Page 11) Biery testified that to her knowledge the Appellant had not received any kind of counseling for his marijuana use. (RR Vol. II, Page 12)

The Appellant testified that marijuana had been a problem for him for quite a while, his use having started his freshman year in high school. (RR Vol. II, Page 13) Appellant continued to use marijuana even after he had been put on probation, and admitted to Officer Biery that he had used marijuana in June. (RR Vol. II, Page 14) Appellant used marijuana to cope with his emotions and calm himself down. (RR Vol. II, Page 14-15) Appellant used marijuana just before his jail sanction because of a combination of things - a friend had tried to commit suicide, Appellant had just lost his job, and he was preparing to go to jail. (RR Vol. II, Page 16) Appellant asked to Court to consider modification of his probation to require drug treatment in SAF-P. (RR Vol. II, Page 16-17)

At the conclusion of the evidence, the Court found that the Appellant had violated the conditions of his probation and sentenced him to seven years in the Texas Department of Criminal Justice Institutional Division. (RR Vol. II, Page 22)

**ISSUE NUMBER ONE**

Was the Appellant's sentence disproportionate punishment for the Appellant's offense so as to amount to cruel and unusual punishment under the Eighth Amendment to the United States Constitution?

**SUMMARY OF ARGUMENT**

This issue of whether the sentence was disproportionate in this case was not preserved. Even if the issue had been preserved, the Appellant's sentence was within the range of punishment. The record in Appellant's case did not contain information on the sentences imposed on other criminals in the same jurisdiction and sentences imposed for commission of the same crime in other jurisdictions for this Court to make a determination about disproportionality.

**ARGUMENT**

Texas courts have traditionally held that as long as the punishment is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973. However, in Jackson v. State, 989 S.W.2d 842, 845 (Tex. App. --Texarkana 1999, no pet.), this Honorable Court recognized that a prohibition against grossly disproportionate punishment survives under the Eighth Amendment apart from any consideration of whether the punishment assessed is within the range established by the Legislature. See also  Latham v. State, 20 S.W.3d 63, 68-9 (Tex. App. -- Texarkana 2000, pet. ref'd).

This Court's proportionality analysis under the Eighth Amendment is guided by (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. Solem v. Helm, 463 U.S. 277, 292, 103 S. Ct. 3001, 77 L. Ed. 2d 637, 650 (1983). Only if the sentence is grossly disproportionate to the offense should the Court consider the remaining factors of the Solem test and compare the sentence received to sentences for similar crimes in the same jurisdiction and to sentences for the same crime in other jurisdictions. Davis v. State, 905 S.W.2d 655, 664-65 (Tex. App. -- Texarkana 1995, pet. ref'd).

In this case, no objection was made to the sentence at the time that it was pronounced. (RR Vol. II, Page 22), and therefore nothing was preserved for review. T.R.A.P. 33.1(a)(1)(A). See also Jackson v. State, 989 S.W.2d 842, 845 (Tex.App.–Texarkana 1999, no pet.).

Had the issue been preserved, it would still not prevail. The Appellant received a sentence of seven years on an intoxication assault, which reduced and modified his original sentence of ten years (RR Vol. II, Page 22). It is the general rule that as long as a sentence is within the proper range of punishment, it will not be disturbed on appeal. Jackson v. State, 680 S.W.2d 809, 814 (Tex.Crim.App.1984). See generally Ex parte Chavez, 213 S.W.3d 320, 323–24 (Tex.Crim.App.2006) (describing essentially "unfettered" sentencing discretion of court).

The Appellant presented evidence of his continued struggle with marijuana over a period of five or more years (RR Vol. II, Pages 13-18) However, the Court is the sole trier of fact and

determines the credibility of the witnesses and the weight given their testimony. Allbright v. State, 13 S.W.3d 817, 818–19 (Tex.App.-Fort Worth 2000, pet. refused), and in this case, the Court was not persuaded that Appellant should be given another chance to resolve his substance problem while on probation (RR Vol. II, Page 47-8).

Even if the Court were to determine that sentence was exceptionally harsh considering the gravity of the offense, the record contains no information on the sentences imposed on other criminals in the same jurisdiction or the sentences imposed for commission of the same crime in other jurisdictions. There does not appear to be enough information for the Court to conduct a proportionality analysis. See Jackson v. State, 989 S.W.2d 842 (Tex.App.–Texarkana 1999, no pet.) and Latham v. State, 20 S.W.3d 63 (Tex.App.–Texarkana 2000, pet. ref'd).

**ISSUE NUMBER TWO**

Did the Court err in revoking the Appellant's probation when the language describing the condition violated in the State's Motion to Revoke Supervision failed to track the language of the Court's Judgment and Sentence, and when the allegation of the act relied upon as a violation failed to allege an actual violation of the Court's conditions of probation?

**SUMMARY OF ARGUMENT**

A challenge to errors in the Motion to Revoke Supervision must be raised in a motion to quash, otherwise errors from evan a defective motion are not preserved. No complaint was

raised by the Appellant before a hearing on the motion to revoke supervision, and the State and the Appellant tried the issue of whether Appellant had used marijuana, an act that did violate the terms and conditions of the Court's order. Any error, therefore, was waived.

## ARGUMENT

The Court's judgment in this case had two conditions relevant to the circumstances of this case: Condition 2 admonished the Defendant to "Avoid injurious or vicious habits, as well as persons or places of disreputable or harmful character..." Condition 10 mandated that the Defendant should not, "consume or possess....unlawful controlled substances, narcotic, dangerous drugs, marijuana..." (CR Vol. I, Page 34, conditions 2 and 10). The State's Motion to Revoke Supervision alleging that Appellant had violated Condition (2) of his probation, that being to "Avoid injurious or vicious habits, including the use of alcohol, controlled substances or habit forming drugs...." although no such language was specifically contained in the judgment. ( CR Vol. I, Pages 41-43)

The alleged violation of the Appellant's probation was that "... the Defendant, Tyler Dne'aundre Coleman-Cone, admits to using marijuana on 6/15/17." ( CR Vol. I, Pages 41-43) Admitting to using marijuana and *actually using* marijuana are two entirely different matters, and arguably the State's motion was defective for failing to state a violation of the Court's conditions of probation. The Conditions of probation that were part of the Court's judgment did not prohibit making admissions of any kind, and therefore it might have been urged that the State's motion completely failed to allege conduct that would have been a violation.

However, errors in a motion to revoke probation must be pointed out to the trial court in a timely motion to quash. See Rodriguez v. State, 951 S.W.2d 199, 204 (Tex. App.-Corpus Christi 1997, no pet.) (citing Longoria v. State, 624 S.W.2d 582, 584 (Tex. Crim. App. 1981). In the absence of such motion, error, if any, is waived. See Gordon v. State, 575 S.W.2d 529, 531 (Tex. Crim. App. [Panel Op.] 1978). The question of the sufficiency of a motion to revoke probation cannot be raised for the first time on appeal, even though the motion is in fact defective. See Martinez v. State, 493 S.W.2d 954, 955 (Tex. Crim. App. 1973). Moreover, a motion to revoke probation is required only to give the defendant adequate notice of the violation asserted in order to meet minimum due process requirements; the defendant must be given fair notice upon which he or she may prepare a defense. See Labelle v. State, 720 S.W.2d 101, 108-09 (Tex. Crim. App. 1986). The determination of whether reversible error has occurred is a three part test: (1) a court must decide whether the motion to revoke is lacking in some requisite item of notice, and if so, (2) the Court then decides whether in the context of the case this had an impact on the defendant's ability to prepare a defense, and finally, (3) the extent of any such impact. See id. In making these determinations, the entire record may be reviewed for prejudice to the defendant's substantial rights. See id.

No objection or motion to quash was made concerning the State's recitation of the condition of probation allegedly violated - the State's description of Condition 2 in its Motion actually appears to be an amalgam of conditions 2 and 10 from the Court's judgment. Appellant made no objection or motion to quash as to the conduct allegedly causing the violation of probation - admitting to using marijuana as opposed to using marijuana. The Appellant plead true to the allegation #2 contained in the State's motion (RR Vol. II, Pages 8), and the parties

proceeded to adduce evidence concerning the Appellant's use of marijuana while on probation (RR Vol. II, Pages 9-18). Nothing was preserved for review, and even if it had been, there did not appear to have been any prejudicial surprise that negatively affected the Appellant's ability to prepare, as the parties all clearly understood the issue before the Court judging from the evidence that they presented.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the undersigned respectfully requests that the Court review the foregoing analysis, and grant the motion to withdraw.

RESPECTFULLY SUBMITTED,

SCOTT RECTENWALD
110 W. Fannin
Marshall, Texas 75670
(903) 938-3300
(903) 938-3310- FAX


/s/   Scott Rectenwald
Scott Rectenwald
SBOT # 00794510

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing Brief was delivered to the office of the Harrison County District Attorney, 200 W. Houston, Marshall, Texas 75670 on January 9, 2018.

/s/   Scott Rectenwald